# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| FRANK MUCERINO III and CREEKSIDE TERRACE LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>CHARLES JOSHUA DALE MARTIN,<br><br>  Defendant. | Case No. _____ |

## COMPLAINT

The Plaintiffs, Frank Mucerino III and Creekside Terrace LLC, for their complaint against Defendant, Charles Joshua Dale Martin, state as follows:

## INTRODUCTION

1. This is a defamation and false light case. Mr. Mucerino is a small business owner who has developed single-family residential communities in Middle Tennessee. Mr. Mucerino is an owner of Creekside Terrace, LLC, a limited liability company that developed the Camp Ravine Estates and The Cottages at Sycamore Ridge residential communities in Dickson County, Tennessee.

2. Mr. Mucerino places a high value on his personal reputation and, as with many professionals, damage to his reputation and being placed in a false light negatively affects his ability to earn a living.

4846-7416-2659.4

3. The Defendant, Charles Joshua Dale Martin ("Mr. Martin"), posted a defamatory statement about Mr. Mucerino and Creekside Terrace, LLC on Facebook that also placed Mr. Mucerino in a false light.

## PARTIES AND JURISDICTION

4. Plaintiff Frank Mucerino III ("Mr. Mucerino") is a citizen and resident of the State of Florida.

5. Plaintiff Creekside Terrace LLC ("Creekside") is a limited liability company with three members: Mr. Mucerino, Frank Mucerino, Jr., and Laura Mucerino. All three members are citizens and residents of the State of Florida.

6. Mr. Martin is a citizen and resident of Burns, Dickson County, Tennessee, who resides at 14 Evergreen Trail, Burns, Tennessee 37029.

7. This Court has subject-matter jurisdiction of this action pursuant to 28 U. S. C. § 1332. The citizenship of plaintiffs is diverse from that of the defendant, and the amount in controversy in this case exceeds $75,000 exclusive of costs, interest and attorney's fees.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because it is the district in which a substantial part of the events and omissions giving rise to the claim occurred.

## FACTS

9. Mr. Mucerino is an owner and founder of Creekside Terrace, LLC, a family-owned real estate development company that has developed two residential

communities in Burns, Tennessee: Camp Ravine Estates and The Cottages at Sycamore Ridge.

10. Mr. Mucerino ensures that the communities his company develops are of the highest quality. This high-quality reputation of Creekside's developments helps to satisfy existing Camp Ravine Estates homeowners and attract future buyers for his developments.

11. Mr. Mucerino is not a public figure.

12. Creekside is not a public figure.

13. Camp Ravine Estates is a seven-phase development in Burns, Tennessee, the first six phases of which are substantially complete.

14. Based on the statement quoted below in numbered paragraph 15, Mr. Martin is apparently frustrated with certain issues related to the Camp Ravine Estates neighborhood. He blames these issues on Mr. Mucerino and Creekside as the developers of the neighborhood.

15. In lashing out on Facebook, Mr. Martin falsely maligned Mr. Mucerino and Creekside. Mr. Martin posted the following:

> Hey neighbors, I'm sure all of you are aware that **there are many unresolved issues with our neighborhood that the developer is responsible for, but we know he has no plans to fix them and is now reportedly moving away.**
> It seems to me the advice of the city attorney to lawyer up will be a waste of time and money especially **if Frank the developer claims bankruptcy.**
> In my opinion the best court of action would be to schedule a time on the city hall agenda to have our case heard with all of the problems the engineer has noted that Karla Cobbs has posted here previously. This will require everyone to

> participate, attend, and compile evidence of the issues caused by the developer.
> Please let me know your thoughts.

(emphasis added) A true and accurate copy of Mr. Martin's statement is attached hereto as Exhibit A.

16. Mr. Mucerino is not responsible for any unresolved "issues" that Mr. Martin alludes to but does not specifically point out.

17. Similarly, Creekside is not responsible for any of the unresolved "issues" Mr. Martin mentions.

18. Mr. Mucerino has no intention of claiming bankruptcy and has never insinuated anything along these lines. Mr. Mucerino, his company, and his development projects are financially sound.

19. Mr. Martin's statement that "there are many unresolved issues with our neighborhood that the developer is responsible for, but we know he has no plans to fix them and is now reportedly moving away" is defamatory and places Mr. Mucerino in a false light so far as it refers to him individually.

20. The statement referenced above in numbered paragraph 18 defames Creekside as the developer of the property, falsely accusing them not only of leaving many unresolved issues in the neighborhood but also having no intention to fix these unstated "unresolved issues."

21. Mr. Martin's statement that "lawyer[ing] up" would by futile, "especially if Frank the developer claims bankruptcy" is defamatory by implication and places Mr. Mucerino in a false light.

## COUNT I: DEFAMATION OF MR. MUCERINO

22. Plaintiffs hereby incorporate by reference the averments set forth in numbered paragraphs 1 through 21 as if fully stated herein.

23. Mr. Martin published a statement about Mr. Mucerino that is defamatory.

24. In publishing this defamatory statement about Mr. Mucerino, Mr. Martin acted with: (a) knowledge that the statement is false; (b) with reckless disregard for the truth of the statement; or (c) with negligence in failing to ascertain the truth of the statement.

25. Mr. Martin's defamatory statement about Mr. Mucerino has been read by members of the public and unjustly damaged Mr. Mucerino's reputation. Indeed, harming Mr. Mucerino's professional reputation was part of Mr. Martin's goal when he published the defamatory statement quoted in numbered paragraph 14 above.

26. As a result of Mr. Martin's statement about him, Mr. Mucerino has sustained economic losses, damage to his reputation, humiliation, and emotional distress.

## COUNT II: FALSE LIGHT

27. Plaintiffs hereby incorporate by reference the averments set forth in numbered paragraphs 1 through 26 as if fully stated herein.

28. Mr. Martin's statement about Mr. Mucerino that is quoted above in numbered paragraph 14, in addition to or in the alternative to being defamatory, has

cast Mr. Mucerino in the false light of being a loathsome developer who does not take responsibility for his actions and a financially unstable person.

29. This false light would be highly offensive to a reasonable person.

30. Mr. Martin has knowledge that he has placed Mr. Mucerino in a false light or has acted with reckless disregard as to the placing of Mr. Mucerino in a false light with his statement that Mr. Mucerino is responsible for "many unresolved issues with our neighborhood" and that "we know he has no plans to fix them and is now reportedly moving away." In the alternative, Mr. Martin was negligent in making statements about Mr. Mucerino that placed him in a false light.

31. Mr. Martin has further knowledge that he has placed Mr. Mucerino in a false light or has acted with reckless disregard as to the placing of Mr. Mucerino in a false light with his statement that Mr. Mucerino would or is going to claim bankruptcy if any legal action is brought against him. In the alternative, Mr. Martin was negligent in making statements about Mr. Mucerino that placed him in a false light.

32. As a result of Mr. Martin's actions, Mr. Mucerino has suffered financial damages, injury to his standing in the community, humiliation, and emotional distress.

### COUNT III: DEFAMATION BY IMPLICATION

33. Plaintiffs hereby incorporate by reference the averments set forth in numbered paragraphs 1 through 26 as if fully stated herein.

34. Mr. Martin published a statement about Mr. Mucerino that is defamatory by implication in addition to placing Mr. Mucerino in a false light.

35. Mr. Martin's statement that it would be a waste of time to pursue legal action, "especially if Frank the developer claims bankruptcy" implies a false and defamatory notion that Mr. Mucerino is financially unstable or would declare bankruptcy unjustly in order to avoid legal responsibilities.

36. This defamatory statement lowers Mr. Mucerino's standing in the community and causes financial damages by deterring potential buyers from dealing with him.

## COUNT IV: DEFAMATION OF CREEKSIDE

37. Plaintiffs hereby incorporate by reference the averments set forth in numbered paragraphs 1 through 26 as if fully stated herein.

38. Mr. Martin published a statement about Creekside that is defamatory.

39. In publishing this defamatory statement about Creekside, Mr. Martin acted with: (a) knowledge that the statement is false; (b) with reckless disregard for the truth of the statement; or (c) with negligence in failing to ascertain the truth of the statement.

40. Mr. Martin's defamatory statement about Creekside has been read by members of the public and unjustly damaged Creekside's reputation of high-quality property development. Harming Creekside's standing in the industry was part of Mr. Martin's purpose in publishing the defamatory statement quoted in numbered paragraph 14 above.

41. As a result of Mr. Martin's statement about it, Creekside has sustained economic losses by deterring others from working with them and damaging their business reputation.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. That the Court award a judgment of compensatory damages in an amount in excess of $100,000 in favor of each Plaintiff against Mr. Martin;

B. That the Court award each Plaintiff a judgment of punitive damages against Mr. Martin in an amount in excess of $200,000;

C. That the Court award each plaintiff his costs, expenses, and prejudgment interest against Defendant; and

D. That the Court award such other and further relief as it deems just and equitable.

Respectfully submitted:

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
BULSO, PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
Tel: (615) 913-5200
Fax: (615) 913-5150
gbulso@bulso.com
*Attorneys for Plaintiffs*