IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FRANK MUCERINO, III and
CREEKSIDE TERRACE LLC,

   Plaintiffs,

v.

CHARLES JOSHUA DALE MARTIN,

   Defendant.

Case No. 3:21-cv-00284
Judge Aleta A. Trauger

## RESPONSE TO DEFENDANT'S MOTION TO EXTEND TIME TO FILE PETITION UNDER THE TENNESSEE PUBLIC PARTICIPATION ACT

The plaintiffs, Frank Mucerino, III and Creekside Terrace, LLC, in opposition to defendant Charles Joshua Dale Martin's Motion to Extend Time to File Petition under the Tennessee Public Participation Act (Dkt. 10), state:

1. The defendant has moved the Court extend the time within which he is required to file a "Petition to Dismiss" this action pursuant to Tennessee's anti-SLAPP statute, Tenn. Code Ann. § 20-17-101 et seq., formally known as the Tennessee Public Participation Act. This Court should deny the Motion for the simple reason that Tennessee's anti-SLAPP statute does not apply to this diversity action pending in federal district court. *See*, e.g., *Lampo Group, LLC v. Paffrath*, No. 3:18-cv-01402, 2019 WL 3305143 (M. D. Tenn. July 23, 2019)("*Lampo Group*")(Appendix 1)

2. The Tennessee Public Participation Act sets out a procedural and substantive framework that Tennessee courts to use to protect "the rights of persons

to file meritorious lawsuits for demonstrable injury." Tenn. Code Ann. § 20-17-102. Tennessee Code Annotated § 20-17-105(a) provides that the petitioning party "has the burden of making a prima facie case that a legal action…is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association." If a petitioner meets this burden, a court will "dismiss the legal action unless the responding party (the plaintiff in the action) establishes a *prima facie* case for each essential element of the claim in the legal action." Tenn. Code Ann. § 20-17-105(b). If the responding party establishes such a *prima facie* case, the court will nevertheless "dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action." (*Id*.) But none of this has anything to do with practice and procedure in a diversity action pending in federal district court, which will not apply a state statute if a Federal Rule of Civil Procedure "answers the question in dispute." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)

3. In *Lampo Group*, the court reviewed the legal authorities relevant to state anti-SLAPP statutes and, following decisions of the D. C. Circuit and the 11th Circuit, held that the procedures set out in an anti-SLAPP statute are in conflict with, and are therefore precluded by, the procedures set out in Fed. R. Civ. P. 8, 12, and 56. The court wrote:

> Having examined the various approaches, this Court finds persuasive the reasoning provided in *Abbas* and *Carbone*—that the "Federal Rules of Civil Procedure [8,] 12[,] and 56 establish the standards for granting pre-trial judgment to defendants in cases in federal court. A federal court must apply those Federal Rules instead of the [California's] Anti–SLAPP Act's special motion to [strike] provision.

(Appendix 1 at *3.) Cf. *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) ("A federal court exercising diversity jurisdiction…must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision."); and *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018)(Georgia's anti-SLAPP and statute's motion-to-strike provision was procedural rule that conflicted with Federal Rules of Civil Procedure) The procedures set out in the anti-SLAPP statutes at issue in *Lampo Group, Abbas,* and *Carbone* are substantively identical to those of Tennessee's anti-SLAPP statute, which defendant impermissibly seeks to apply to this case.

4. Because the standards this court applies to grant or deny pre-trial judgment are found in the federal rules of civil procedure, as articulated, *inter alia*, in *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986), defendant's request that this Court extend the time within which he may file a "Petition to Dismiss" pursuant to a state statute in conflicts with the Federal Rules of Civil Procedure is improper and should therefore be denied.

Respectfully submitted:

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
(615) 913-5135
gbulso@bulso.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system on this the 12th day of June 2021, to the following persons:

>John Paul Nefflen
>Shackelford Bowen McKinley & Norton, LLP
>1 Music Circle South, Ste. 300
>Nashville, Tennessee 37203
>615-850-2295
>jnefflen@shackelford.law
>*Counsel for the Defendant*

                                          s/Eugene N. Bulso, Jr.
                                          Eugene N. Bulso, Jr.