2019 WL 3305143
Only the Westlaw citation is currently available.
United States District Court, M.D.
Tennessee, Nashville Division.

The LAMPO GROUP, LLC d/
b/a Ramsey Solutions, Plaintiff,
v.
Kevin Helmut PAFFRATH,
The Paffrath Organization, and
Meetndone Corporation, Defendants.

No. 3:18-cv-01402
|
Filed 07/23/2019

**Attorneys and Law Firms**

E. Todd Presnell, R. Brandon Bundren, Bradley Arant Boult Cummings LLP, Nashville, TN, for Plaintiff.

Daniel A. Horwitz, Law Office of Daniel A. Horwitz, James A. Freeman, III, James A. Freeman & Associates, P.C., Nashville, TN, John W. Reis, Fox Rothschild LLP, Charlotte, NC, for Defendants.

### MEMORANDUM OPINION

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE

 *1  Before the Court is Defendants Kevin Helmut Paffrath, the Paffrath Organization, and Meetndone Corporation's Motion for Leave to File Anti-SLAPP Motion (Doc. No. 29). Plaintiff, the Lampo Group, LLC d/b/a Ramsey Solutions ("Ramsey"), has responded in opposition (Doc. No. 33), and Defendants have replied (Doc. No. 45). For the reasons discussed below, the motion will be denied.

Defendants seek leave to file a "special motion to strike" under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16. Defendants argue that they should be afforded the opportunity to file an anti-SLAPP motion because California substantive law governs certain claims in this action and, under California state law, Defendants are permitted to file this type of motion to strike. (Doc. No. 30 at 4).[1]

Plaintiff opposes Defendants' motion for leave, arguing that Defendants should not be permitted to file an anti-SLAPP motion under California procedural law because Tennessee, rather than California, law governs all the claims in this action. (Doc. No. 33 at 3-8).[2] Plaintiff also argues that the Court should not permit Defendants to file their motion because it is untimely and would be futile. (Doc. No. 33 at 8-10).

Because the Court finds that California's anti-SLAPP statute is not applicable in federal court even if California law (at least California substantive law) is applicable in this diversity action, the Court declines to resolve the choice-of-law issue at this time. Instead, the Court resolves this motion on another, well-recognized basis.

### LEGAL STANDARD

 *2  "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.' " Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 417 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). But "[w]hen both a federal rule and a state law appear to govern a question before a federal court sitting in diversity," federal courts apply a "two-step framework" to determine which law controls. Id. at 421. First, the court must determine whether the federal and state rules "can be reconciled (because they answer different questions)." Id. at 410, 130 S.Ct. 1431. If they cannot, the second step requires the court to determine whether the federal rule violates the Rules Enabling Act, 28 U.S.C. § 2072(b). Id. In other words, if the state and federal rules answer different questions, or if the federal rule is not valid under the Rules Enabling Act, a federal court exercising diversity jurisdiction should apply the state law. Id.

### DISCUSSION

The question of whether state anti-SLAPP statutes are applicable in federal court appears to be a matter of first impression in the Sixth Circuit,[3] and sister circuits and other district courts have taken varying approaches to this issue.[4] Compare Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1357 (11th Cir. 2018) (Georgia's anti-SLAPP

statute's motion-to-strike provision was procedural rule that conflicted with Federal Rules of Civil Procedure), *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) ("A federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision."), *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1042 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015) (holding that Washington's anti-SLAPP statute could not be applied in federal court); *and Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 672–73 (10th Cir. 2018) (holding New Mexico's anti-SLAPP statute was solely a procedural mechanism that did not apply in federal court), *with Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010) (concluding that Maine's anti-SLAPP statute was substantive and therefore cognizable in federal court), *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016) (assuming without explicitly deciding that Louisiana's anti-SLAPP statute applies in federal court), *and U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (holding that California's anti-SLAPP statute may be applied in federal court); [5] *see also Liberty Synergistics Inc. v. Microflo Ltd.*, 637 F. App'x 33, 34 n.1 (2d Cir. 2016) ("[W]e do not reach the issue of whether [California's] anti-SLAPP statute is applicable in federal court.") (citation omitted).

**\*3** Having examined the various approaches, this Court finds persuasive the reasoning provided in *Abbas* and *Carbone*—that the "Federal Rules of Civil Procedure [8,] 12[,] and 56 establish the standards for granting pre-trial judgment to defendants in cases in federal court. A federal court must apply those Federal Rules instead of the [California's] Anti–SLAPP Act's special motion to [strike] provision." *Abbas*, 783 F.3d at 1333.

In *Abbas*, the D.C. Circuit held that D.C.'s Anti-SLAPP special motion to dismiss provision, which requires plaintiffs to show "a likelihood of success on the merits" to survive the motion, directly conflicts with Federal Rules of Civil Procedure 12 and 56. Specifically, the court found that the probability requirement of D.C.'s anti-SLAPP law and "Federal Rules of Civil Procedure 12 and 56 'answer the same question' about the circumstances under which a court must dismiss a case before trial." *Id.* at 1333–34. And those rules "answer that question differently: [Federal Rules 12 and 56] do not require a plaintiff to show a likelihood of success on the merits." *Id.* at 1334.

In *Carbone*, the Eleventh Circuit squarely rejected the use of anti-SLAPP procedure in federal courts. 910 F.3d at 1356. After examining the split among its sister circuits, the court decisively sided with the D.C. Circuit's position set forth in *Abbas*. *Id.* The court concluded that Georgia's anti-SLAPP statute, which requires plaintiffs to establish "a probability" that he or she "will prevail on the claim" asserted in the complaint (per O.C.G.A. § 9-11-11.1(b)(1)), directly conflicts with Rules 8 and 12, which "define the criteria for assessing the sufficiency of a pleading before discovery." *Id.* at 1350 ("[T]he plausibility standard under Rules 8(a) and 12(b)(6) plainly 'does not impose a probability requirement at the pleading stage.' ") (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007)). The court also concluded that Georgia's anti-SLAPP statute probability requirement conflicts with Rule 56, which only requires a "nonmovant designate specific facts showing that there is a genuine issue for trial." *Id.* at 1351 (internal citation and quotation marks omitted).

Like the District of Columbia's and Georgia's anti-SLAPP laws, Cal. Civ. Proc. Code § 425.16 requires plaintiffs to "establish that there is a probability that [he or she] will prevail on the claim." § 425.16(b)(3). [6] Thus, both the state and federal rules purport to answer the same question —the applicable standard for granting pre-trial judgment to defendants in federal court. *See Abbas*, 783 F.3d at 1333. As discussed above, the Court is persuaded by the opinions of the D.C. and Eleventh Circuits and finds that given its probability standard, California's anti-SLAPP statute is in direct conflict with the Federal Rules of Civil Procedure.

**\*4** Next, the Court turns to the second question it must answer, *i.e.*, whether Federal Rules of Civil Procedure 8, 12, and 56 violate the Rules Enabling Act and the Constitution. The Court has little difficulty determining that they do not. Under the Rules Enabling Act, Congress provided the Supreme Court with the authority to "prescribe

general rules of practice and procedure and rules of evidence for cases in the United States district courts...and court of appeals." 28 U.S.C. § 2072(a). A rule created under this authority "shall not abridge, enlarge or modify any substantive right." Id. § 2072(b). According to Supreme Court, the test for determining the validity of a Federal Rule is "whether a rule really regulates procedure—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." Sibbach v. Wilson & Company, 312 U.S. 1, 14 (1941). Based on the decisions identified above—which confirm the validity of Rules 8, 12, and 56 under the Rules Enabling Act and/or the Constitution—the Court need not recreate the analysis here.

See Abbas, 783 F.3d at ("It follows that Rules 12 and 56 are valid under the Rules Enabling Act."); Carbone, 910 F.3d at 1357 ("We have little difficulty concluding that Rules 8, 12, and 56 comply with the Rules Enabling Act and the Constitution."); see also Shady Grove, 559 U.S. at 407 (the Supreme Court itself noted that applying the test outlined in Sibbach, "we have rejected every statutory challenge to a Federal Rule that has come before us").

Because Rules 8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the California anti-SLAPP statute, the motion-to-strike procedure created by the California anti-SLAPP statute cannot apply in federal court.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File Anti-SLAPP Motion (Doc. No. 29) will be **DENIED**.

An appropriate Order will be entered.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 3305143

## Footnotes

1   Defendants also ask the Court to excuse their 5-month delay in filing. See Cal. Civ. Proc. Code § 425.16(f) ("The special motion may be filed within 60 days of the service of the complaint, or, in the court's discretion, at any later time upon terms it deems proper."). Because the Court finds that motions to strike under California's anti-SLAPP statute are not applicable in federal court, it will not address the question of whether Defendants should be granted leave to file beyond the deadline prescribed by Cal. Civ. Proc. Code § 425.16(f).

2   In arguing that Tennessee law applies, Plaintiff incorrectly characterizes his claims for choice- of-law purposes; he refers to his fraud/constructive fraud/fraudulent inducement, promissory fraud, negligent misrepresentation, business disparagement, and unfair competition as "personal injury claims." (Doc. No. 33 at 3). Under the Restatement (Second) of Conflict of Laws, however, a " 'personal injury' may involve either physical harm or mental disturbance, such as fright and shock, resulting from physical harm or from threatened physical harm or other injury to oneself or to another." Restatement (Second) Conflict of Laws § 146 (1971), comment b. In this context, "personal injury" as not conceived of nearly as broadly as Plaintiff suggests. Plaintiff should be aware of this in any future choice-of-law briefing in this matter.

3   We acknowledge that the Sixth Circuit has cited with approval cases that allowed interlocutory appeals from denials of anti-SLAPP motions. See Black v. Dixie Consumer Products LLC, 835 F.3d 579, 582-84 (6th Cir. 2016) (permitting interlocutory appeal of summary judgment decision under the collateral-order doctrine for contractor immunity under Kentucky law). Whether the Sixth Circuit has jurisdiction to review judgments on interlocutory appeals, however, is an issue starkly different from whether state anti-SLAPP laws are cognizable in federal court—an issue on which the Sixth Circuit has not opined.

4   The Court is aware of only one other decision in this Circuit addressing the question of whether California's anti-SLAPP law is applicable in federal court. In *Vangheluwe v. Got News, LLC*, on facts analogous to those

here, Judge Michelson concluded that the anti-SLAPP motion did not conflict with the Federal Rules of Civil Procedure. Case No. 18-cv-10542, 365 F. Supp.3d 836 (E.D. Mich. 2019). She reasoned that "if an anti-SLAPP motion challenges the 'legal sufficiency' of a claim, then a federal district court should [in deciding the (cognizable) anti-SLAPP motion] apply Rule 12(b)(6) standards; and if the motion challenges the 'factual sufficiency' of the claim, then the court should apply Rule 56 standards (including opportunity for discovery)."

*Id.* at 844 (citing Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 833 (9th Cir. 2018)). Of course, this Court is not bound by decisions from the Eastern District of Michigan, and the Court respectfully diverges from Judge Michelson's reasoning to the extent and for the reasons indicated herein.

5  In the recent Ninth Circuit opinion in *Planned Parenthood*, the concurrence recognized the circuit split on the issue of the use of anti-SLAPP procedure in federal courts. *See* 890 F.3d 828, 835-38 (Gould, J., concurring) (suggesting that the court correct the error in Ninth Circuit precedent permitting interlocutory appeal of denials of anti-SLAPP motions).

6  The Court recognizes that on July 1, 2019, the Tennessee Public Participation Act, T. C. A. § 20-17-101 et seq., Tennessee's new anti-SLAPP statute, went into effect. Under Tennessee's anti- SLAPP law, once a petitioning party has established "a prima facie case that a legal action...is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association," a court is required to dismiss the action unless "the responding party establishes a prima facie case for each essential element of the claim in the legal action." T. C. A. § 20-17-105. The Court declines to determine whether this standard is tantamount to the probability standard delineated in California's, Georgia's, and D.C.'s anti-SLAPP laws. The Court will note, however, that the standard provided by Tennessee's new anti-SLAPP law is different than that dictated by Federal Rules of Civil Procedure 8, 12, and 56.

---

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.