# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| FRANK MUCERINO, III and<br>CREEKSIDE TERRACE LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>CHARLES JOSHUA DALE MARTIN,<br><br>  Defendant. | Case No. 3:21-cv-00284<br>Judge Aleta A. Trauger |

## MOTION TO RESET INITIAL CASE MANAGEMENT CONFERENCE AND SET DATE FOR DEFENDANT'S FILING OF A RESPONSIVE PLEADING

The plaintiffs, Frank Mucerino, III and Creekside Terrace, LLC, in accordance with this Court's Order (Dkt. 9) filed May 10, 2021, respectfully move this Court to reset the date for the initial case management conference in this case, and to set a date by which defendant must respond to the Complaint. In support of this Motion, plaintiffs state:

1. By Order filed May 10, 2021, with the agreement of the parties, this Court postponed the initial case management conference scheduled for June 21, 2021, so that the defendant could conduct limited jurisdictional discovery to determine whether this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

2. Diversity of citizenship, of course, is assessed at the time the action is filed. ***Freeport-McMoRan, Inc. v. K N Energy, Inc.,*** 498 U.S. 426, 428 (1991); and ***Curry v. U.S. Bulk Transp., Inc.***, 462 F. 3d 536, 540 (6th Cir. 2006). Here, the

only jurisdictional fact at issue is whether plaintiff Frank Mucerino III was a citizen of Florida at the time this action was filed, as alleged in paragraph 4 of the Complaint.

3. As this Court well knows, "In order to be a citizen of a State within the meaning of the diversity statute [28 U.S.C. § 1332], a natural person must both be a citizen of the United States and be domiciled within the State." ***Newman-Green, Inc. v. Alfonzo-Larrain***, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." ***Miss. Band of Choctaw Indians v. Holyfield***, 490 U.S. 30, 48 (1989). *See also* ***Stifel v. Hopkins***, 477 F.2d 1116, 1120 (6th Cir. 1973)("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.")

4. The defendant has taken depositions of both the plaintiff, Frank Mucerino, III, and his wife, Stephanie Mucerino. Those depositions established (a) that Mr. Mucerino was physically present in Florida when this action was filed on April 7, 2021 and (b) that he had the intention to make his home there. Indeed, the testimony, restated in the contemporaneously filed Declaration of Stephanie Mucerino (Exhibit 1 hereto), demonstrated that the Mucerinos retained a realtor to sell their Tennessee home in December 2020, more than three months prior to the March 22, 2021 defamatory statements giving rise to this action. *See* Dkt. 1 (Complaint) at Ex. A.

5. Despite this testimony, the defendant has neither filed a responsive pleading nor a Rule 12(b)(1) motion, but instead has requested further extensions (*See* Dkt. 10) and has requested further depositions. Defendant now seeks to depose Frank Mucerino Jr. and Laura Mucerino, the other two members of plaintiff Creekside Terrace, LLC (See Dkt. 1, ¶ 5), who are long-term citizens of the State of Florida and whose citizenship for purposes of diversity jurisdiction cannot possibly be in dispute.

6. Plaintiffs submit that the defendant has had ample opportunity to discover all relevant jurisdictional facts,[1] has uncovered nothing to indicate that the Court lacks jurisdiction of this action, and that this Court should set a date by which defendant must respond to the Complaint. This Court should likewise set a date for the initial case management conference.

7. Accordingly, plaintiffs respectfully move the Court to set a deadline for defendant's filing of a responsive pleading and to reset the initial case management conference in this action.

---

[1] Defendant elected to conduct depositions of the plaintiff, Frank Mucerino III, and his wife, Stephanie Mucerino, pursuant to Fed. R. Civ. P. 32 to obtain the necessary jurisdictional facts. The defendant chose not to propound any written discovery pursuant to Rules 33 and 34.

Respectfully submitted:

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
(615) 913-5135
gbulso@bulso.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system on this the 12th day of June 2021, to the following persons:

John Paul Nefflen
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Ste. 300
Nashville, Tennessee 37203
615-850-2295
jnefflen@shackelford.law
*Counsel for the Defendant*

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr.