IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FRANK MUCERINO, III and
CREEKSIDE TERRACE LLC,

   Plaintiffs,

v.

CHARLES JOSHUA DALE MARTIN,

   Defendant.

Case No. 3:21-cv-00284
Judge Aleta A. Trauger

## DECLARATION OF STEPHANIE MUCERINO

Stephanie Mucerino states as follows from her own personal knowledge:

1. I am, and at all times relevant hereto have been, married to plaintiff Frank Mucerino III. My husband and I have two children.

2. My husband and I, consistent with plans we had previously made to move our family to Apollo Beach, Florida, contacted a realtor to in December 2020 to sell our family home at 1387 Camp Ravine Road in Burns, Tennessee. We closed on the sale of that home on March 31, 2021.

3. After the sale of our home in Burns, Tennessee, our family moved to Apollo Beach, arriving there on Easter Sunday, April 4, 2021. We signed the papers for the purchase of our new home in Apollo Beach the following day, Monday, April 5, 2021. I have attached a true and accurate copy of these papers to this Declaration. The purchase of our new home in Apollo Beach closed on April 7, 2021, when the purchase funds were wired to the seller.

4835-1723-6974.1

Case 3:21-cv-00284   Document 12-1   Filed 06/12/21   Page 1 of 19 PageID #: 41

4. I can state unequivocally that my husband and I were physically present in Apollo Beach, Florida on April 7, 2021, when this case was filed and that we intended at that time to make Apollo Beach our home indefinitely. We live in Apollo Beach and plan to remain here indefinitely.

I declare under penalty of perjury of the laws of the State of Florida that the foregoing is true and accurate.

Executed this 12th day of June 2021 in Apollo Beach, Florida.

*Stephanie Mucerino*
Stephanie Mucerino

**Berlin Patten Ebling PLLC**
324 South Hyde Park Avenue
Suite 325
Tampa, FL 33606
(813) 467-7500

**ALTA Combined Settlement Statement**

| File #: | 21-22761-001 | Property | 5711 Sea Turtle Place | Settlement Date | 04/05/2021 |
| Prepared: | 04/05/2021 | | Apollo Beach, FL 33572 | Disbursement Date | 04/06/2021 |
| Attorney: | Bishoy M. Habib | Buyer | Frank L. Mucerino, III and Stephanie L. Mucerino | | |
| | | Seller | Frank Mucerino, Jr and Laura Mucerino | | |
| | | Lender | FirstBank | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Primary Charges & Credits** | | |
| | $650,000.00 | Sales Price of Property | | |
| | | | $650,000.00 | |
| | | **Prorations/Adjustments** | | |
| | $103.20 | Assessments 04/05/2021 to 01/01/2022 | | |
| $1,934.10 | | City/Town Taxes 01/01/2021 to 04/05/2021 | $103.20 | |
| | $2,140.60 | County Taxes 04/05/2021 to 10/01/2021 | | $1,934.10 |
| | | | $2,140.60 | |
| | | **Loan Charges** | | |
| $27.20 | | Express Mail Charges to Berlin Patten Ebling, PLLC | | |
| | | Permit Search Fee to Proplogix, LLC | | |
| | | | $95.00 | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees | | |
| | | ---Deed: $18.50 | $58.00 | |
| | | ---Mortgage: $39.50 | | |
| | | Documentary Stamp Tax (State Deed Taxes) to Official Records Department | | |
| $13.50 | | E-Recording Fees to Simplifile | $4,305.00 | |
| $18.50 | | Recording NOT to Official Records Department | | |
| $10.00 | | Recording NOT to Official Records Department | $1,045.50 | |
| $18.50 | | Recording NOT to Official Records Department | | |
| | | | $1,829.80 | |
| | | **Title Charges** | | |
| | | Title - Settlement or Closing Fee to Berlin Patten Ebling PLLC | $695.00 | |
| | | Title Search to Old Republic National Title Insurance Company | $75.00 | |
| | | Title - Owner's Title Policy to Old Republic National Title Insurance Company | $3,325.00 | |
| | | **Miscellaneous Charges** | | |
| $12,256.72 | | Property Taxes | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| $14,278.52 | $652,243.80 | Subtotals | $663,672.10 | $1,934.10 |
| $637,965.28 | | Due from Buyer | | $661,738.00 |
| | | Due to Seller | | |
| $652,243.80 | $652,243.80 | Totals | $663,672.10 | $663,672.10 |

See signature addendum

Produced by Berlin Patten Ebling PLLC
Using Qualia

# Signature Addendum

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement. We/I authorize Berlin Patten Ebling PLLC to cause the funds to be disbursed in accordance with this statement.

_____ 4/5/21
Frank L. Mucerino, III                Date

_____ 4/5/21
Frank Mucerino, Jr                    Date

_____ 4/5/21
Stephanie L. Mucerino                 Date

_____ 4/5/21
Laura Mucerino                        Date

_____ 4/7/21
Settlement Agent                      Date

Produced by Berlin Patten Ebling PLLC
Using Qualia

Case 3:21-cv-00284   Document 12-1   Filed 06/12/21   Page 4 of 19 PageID #: 41

21-22761-001
Printed on 04/05/2021

Consideration: $615,000.00

Prepared by and return to:
Berlin Patten Ebling, PLLC
Attn: Bishoy M. Habib, Esq.
324 South Hyde Park Avenue Suite 325
Tampa, FL 33606
21-22761-001

Property Appraiser's Parcel ID No.: 054191-1226

(FOR INFORMATIONAL PURPOSES ONLY)

# WARRANTY DEED

THIS WARRANTY DEED, is made this 5th day of April, 2021, by and BETWEEN **FRANK MUCERINO, JR AND LAURA MUCERINO, HUSBAND AND WIFE**, whose address is **6308 Cocoa Lane, Apollo Beach, FL 33572** (hereinafter "GRANTOR"), and **FRANK L. MUCERINO, III AND STEPHANIE L. MUCERINO, HUSBAND AND WIFE**, whose address is **5711 Sea Turtle Place, Apollo Beach, FL 33572** (hereinafter "GRANTEE").

THE GRANTOR, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to said GRANTOR in hand paid by said GRANTEE, the receipt and adequacy of which is hereby acknowledged, has granted, bargained aliened, remised, released, conveyed confirmed, and sold to said GRANTEE and GRANTEE'S successors, and assigns forever, the following described real property, including improvements thereon, situated in **Hillsborough County, Florida**, to wit:

**LOT 13, BLOCK 30, MIRABAY PHASE 3B-2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 98, PAGE(S) 54, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

Together with appurtenances, privileges, rights, interests, dower, reversions, riparian rights, remainders and easements thereunto appertaining. GRANTOR hereby covenants with GRANTEE that GRANTOR is lawfully seized of said property in fee simple; that it is free of encumbrances except for taxes for the current and subsequent years, easements, reservations, and restrictions of record, if any, which reference thereto shall not serve to re-impose same; that GRANTOR has good right and lawful authority to convey same; and that GRANTEE shall have quiet enjoyment thereof. GRANTOR does hereby fully warrant the title to said property and will defend the same against the lawful claims of all persons whomsoever.

*(acknowledgment signatures on following page)*

Warranty Deed

21-22761-001

IN WITNESS WHEREOF, the GRANTOR has hereunto set its hands and seals the day and year first above written.

Signed, sealed and delivered in our presence:

WITNESSES:

(1) Christine Nargi
Printed Name Christine L. Nargi

(2) [signature]
Printed Name Anna C. Smith

GRANTOR:

_____
Frank Mucerino, Jr

_____
Laura Mucerino

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me by means of (✓) physical presence or ( ) online notarization this 5th day of April, 2021, by Frank Mucerino, Jr and Laura Mucerino.

_____
Signature of Notary Public
Print, Type/Stamp Name of Notary

Personally Known: X    OR Produced Identification: _____
Type of Identification
Produced: _____

CHRISTINE L. NARGI
MY COMMISSION # HH78531
EXPIRES: January 07, 2025

Warranty Deed

21-22761-001

# ABSOLUTE BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that for and in consideration of the sum of Ten Dollars ($10.00) and other valuable considerations, the receipt of which is hereby acknowledged by the undersigned, the undersigned does hereby grant, bargain, sell, transfer and deliver unto **Frank L. Mucerino, III and Stephanie L. Mucerino** the following described tangible personal property (the "Personal Property") located at **5711 Sea Turtle Place, Apollo Beach, FL 33572**:

RANGE(S)/OVEN(S), REFRIGERATOR(S), DISHWASHER(S), DISPOSAL, CEILING FAN(S), INTERCOM, LIGHT FIXTURE(S), DRAPERY RODS AND DRAPERIES, BLINDS, WINDOW TREATMENTS, SMOKE DETECTOR(S), GARAGE DOOR OPENER(S), SECURITY GATE AND OTHER ACCESS DEVICES, AND STORM SHUTTERS/PANELS.

The undersigned covenants and warrants that the undersigned is the lawful owner of the Personal Property, that the Personal Property is free of all liens and encumbrances, that the undersigned has good right to sell the Personal Property, and that the undersigned will warrant and defend the title to the Personal Property against the lawful claims and demands of all persons.

IN WITNESS WHEREOF, the undersigned has caused this Absolute Bill of Sale to be executed on this 5TH day of April, 2021.

SELLER(S):

_____
Frank Mucerino, Jr

_____
Laura Mucerino

Absolute Bill of Sale

21-22761-001

# CLOSING AGREEMENT

**Frank Mucerino, Jr and Laura Mucerino** (hereinafter the "Seller"), and **Frank L. Mucerino, III and Stephanie L. Mucerino** (hereinafter the "Buyer") have entered into a contract for the purchase and sale of real estate (the "Contract") concerning property located at 5711 Sea Turtle Place, Apollo Beach, FL 33572. Berlin Patten Ebling PLLC ("Closing Agent") has been requested to consummate the closing of the transaction in accordance with the terms and provisions of the Contract. In connection with the closing of this transaction, the Seller and Buyer (hereinafter the "Parties") agree as follows:

## GENERAL PROVISIONS:

**Disbursement Authorization and Tax Re-Proration**. The Parties hereby approve and acknowledge receipt of the settlement/closing statement and/or Closing Disclosure, affirm its accuracy, and authorize disbursement of funds as shown therein. The parties acknowledge that in most cases utility bills are not included in this Closing Statement and/or Closing Disclosure, and that the pro-ration and/or collection of real estate taxes, including non-ad valorem assessments, are calculated in accordance with the terms and provisions of the Contract. To the extent the Contract contemplates a post-closing re-proration of taxes, all matters concerning re-prorating of taxes and/or assessments shall be handled between Seller and Buyer. The Parties acknowledge and agree that neither Closing Agent nor any realtor shall have any responsibility to follow up on or take part in such re-proration after closing.

**Tax Adjustment Acknowledgment**. Buyer and Seller acknowledge that, subsequent to the time the Warranty Deed is filed of record, the Property Appraiser for the County in which the Property is located may reassess the Property's value. Based on this reassessment, the tax bill could increase, and in some cases, the increase can be significant.

**Reissue Credit**. The Parties acknowledge that, prior to closing, they have been offered the opportunity to provide Closing Agent with the Seller's prior owner's title insurance policy (issued within the last three years), in order to obtain a reissue credit against the Florida promulgated title premium rate, and that to the extent the settlement statement and/or Closing Disclosure does not provide for such a reissue credit, the parties were unable or unwilling to furnish Closing Agent with the Seller's prior owner's title insurance policy. The party paying for title insurance recognizes that it will not be entitled to a reissue credit post-closing.

**Corrections to Documents/ Hold Harmless**. The Parties agree to fully cooperate and adjust for clerical errors on any and all closing documentation if deemed necessary or desirable by Closing Agent, the title underwriter, or Buyer's lender (if applicable), within ten (10) days from the date of mailing of said request. The Parties agree to assume all costs incurred as a result of their failure to comply with correction requests within the above noted time frame, including, but not limited to, attorney's fees and any fines or loan repurchase costs imposed by the Borrower's lender. The Parties agree to hold Closing Agent harmless against any and all loss which may be related in any way to the subject matter of this agreement, and the prevailing party in any action brought to enforce the terms of this agreement shall be entitled to attorney's fees and costs, through appeal. The Parties agree to assume all costs incurred post-closing.

**Privacy Statement**. The Closing Agent recognizes and respects the privacy of the Parties. The Closing Agent is a law firm and is therefore governed by and conducts itself in accordance with the ethical requirements of the Florida Bar. The Closing Agent may collect personal information from applications or other forms received from you or an authorized representative; from your transaction with, or from the services being performed by, the Closing Agent, its affiliates, or others; or from the public records maintained by government entities that are either obtained directly from those entities, the Closing Agent's affiliates, or others. The Closing Agent maintains physical, electronic and procedural safeguards to protect your personal

Closing Agreement (Purchase)

21-22761-001

information from unauthorized access or intrusion. Access to personal information is limited to those employees who need such access in connection with providing services to you or for other legitimate business purposes. The Closing Agent may share certain personal information with our affiliates, insurance companies, lenders, mortgage brokers, real estate agents and other real estate settlement service providers. In addition, the Closing Agent will disclose personal information when given direct permission by the Buyer or Seller, when required by law to do so, or when fraudulent activity is suspected. Furthermore, documents that contain personal information may be recorded in the Public Records.

**Electronic Document Retention**. The undersigned, and their heirs, successors, assigns and any holder by operation of law of any interest in any document executed in connection with (or otherwise delivered to closing agent in connection with) the closing, hereby stipulate and acknowledge that all such documents (to the extent not delivered or returned to the Parties or the Parties' lender(s) at or immediately after the closing), and all other records, instruments, and correspondence relating to the closing, whether now existing or created hereafter, may be stored by Closing Agent as electronic images and the originals of the electronically stored documents shall be destroyed.

**Controlled Business Arrangement Disclosure**. This is to give the undersigned notice that PROPLOGIX, LLC ("Proplogix") is owned or otherwise controlled by attorney(s) who own or are otherwise associated with Closing Agent and therefore this referral may provide Closing Agent with a financial or other benefit. **YOU ARE NOT REQUIRED TO USE PROPLOGIX FOR THE SERVICES THEY PROVIDE. THERE ARE FREQUENTLY OTHER PROVIDERS AVAILABLE WITH SIMILAR SERVICES. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICE AND THE BEST RATE FOR THESE SERVICES.** The undersigned have read this disclosure form and understand that Closing Agent may receive a financial or other benefit as a result of this transaction.

## PROVISIONS FOR SELLER ONLY:

**Mortgages**. If Seller has mortgage(s) which is/are to be paid off at closing, Seller acknowledges receipt of a copy of the applicable payoff letter(s) that was/were obtained from the Lender(s). The payoff(s) has/have been shown on the Closing Statement and/or Closing Disclosure with per diem interest through the date the Closing Agent reasonably believes will be sufficient to entirely pay off the mortgage(s). However, if such amount is insufficient, Seller agrees to supply the Closing Agent with funds required to payoff any outstanding mortgage in full. Seller represents and warrants that the mortgage(s) as shown on the Closing Statement and/or Closing Disclosure as being paid off is/are the only mortgages on the subject Property.

**Non-Representation Acknowledgment**. Seller acknowledges that Buyer has retained Closing Agent as its legal counsel with respect to this transaction for the exclusive and sole benefit of Buyer. Notwithstanding that a portion or all of Closing Agent's fees and costs may be charged to the Seller as part of the closing costs, Seller acknowledges that Closing Agent has only represented Buyer with respect to this transaction. Seller further acknowledges that Closing Agent has made no legal representations or provided any legal advice to the Seller with respect to this transaction or any matter connected with this transaction, and that Seller has not relied upon Closing Agent's legal counsel in any way whatsoever with respect to this transaction or any matter connected with this transaction. Seller acknowledges that Closing Agent does not represent Seller and that Seller was advised to retain legal counsel.

## PROVISIONS FOR BUYER ONLY:

**Homestead**. If Buyer plans to use the Property as his/her principal residence, Buyer is responsible for filing for the homestead exemption with the appropriate taxing authority on or before March 1st of the first year in which the Buyer resides on the premises as of January 1st. Closing Agent will be held harmless from any and all loss resulting from Buyer's failure to timely file for the homestead exemption.

**Property Taxes**. Please be advised that to the extent real estate taxes for the year of Closing have not been collected and paid in full on your closing statement, then the real estate taxes for the subject property are due on or before March 31 of the calendar year following your closing date (taxes are considered delinquent on and after April 1), but can be paid as early as November of the year of your Closing. Please note that by paying real estate taxes early, you will be entitled to a discount for early payment. If real estate taxes were not collected and paid in full on your closing statement, it is the Buyer's responsibility to determine the correct amount due by reaching out to the local tax assessor, and to pay real estate taxes when they are due.

**Lender Information**. To the extent any of the Parties have provided any information to any lender, or to the extent any of the Parties have made any representation, promise, or inducement to any lender in connection with this transaction (the "Lender Information"), the Parties agree that neither Closing Agent nor any realtor/broker involved in this transaction shall be responsible therefore, and further agree to indemnify and hold harmless Closing Agent and any realtor/broker from and against any liabilities arising out of or pertaining to any false statement, omission, or other inaccuracy with respect to the Lender Information.

**Title/Marital Status**. Buyer has received and reviewed the proposed deed and is satisfied with and approves the manner in which title will be held by Buyer. Buyer further confirms that Buyer's marital status, as reflected on the proposed deed and/or any mortgage executed in connection with this transaction (if any), is true and correct as of the date hereof. Buyer acknowledges that Closing Agent has not rendered either estate planning or tax advice relating to the manner in which title will be held. To the extent title is to be held in a trust, Buyer understands that Closing Agent has rendered no advice as to the validity or enforceability of the trust. Buyer has received and reviewed the survey and title insurance commitment issued in connection with the Closing, and has been offered the opportunity to review copies of all title exceptions shown therein.

**Recorded Documents**. Immediately following closing, the documents that require recordation (including the deed transferring title to the property) (collectively the "Recorded Documents"), will be submitted to the applicable Clerks' office for recordation. It is the Closing Agent's policy to save an electronic copy of the Recorded Documents once recorded, provide only an electronic copy of the Recorded Documents to the Buyer(s) once recorded (along with an electronic version of the Buyer's Owners title policy), and to destroy the originals. If the Buyer(s) prefer(s) to have an original version of any of the Recorded Documents (with the exception of loan related documents that must be furnished to the Buyer's lender) or the Owner's title policy, Buyer(s) must provide written notice to Closing Agent within 48 hours of the closing date to avoid the destruction of the originals.

**Municipal Lien Search/Notice of Outstanding Items**. Buyer acknowledges that one or more outstanding items (which may include unpaid utilities or other amounts due, open/expired permits, and/or code violations) reflected on the municipal lien search (the "Outstanding Item(s)") exist with respect to the Property and have not been resolved. Buyer has had a chance to carefully review the nature of the Outstanding Item(s) and has also performed its own analysis of the Outstanding Item(s) and the work/amounts necessary to properly resolve the Outstanding Item(s) and acknowledges that Closing Agent has rendered no opinion with respect to the Outstanding Item(s), the work performed or not performed thereunder, the cost and/or feasibility of closing out the Outstanding Item(s), and/or the work/amounts necessary to close out the Outstanding Item(s) and/or cause the Outstanding Items(s) to be resolved, satisfied, released, or otherwise paid in full, if feasible. Buyer acknowledges

that Buyer is accepting the Property subject to the Outstanding Item(s), and that it is Buyer's responsibility to bear the cost and expense of causing the Outstanding Item(s) to be resolved, satisfied, released, or otherwise paid in full, which expense could include the cost to bring any work performed under the Outstanding Item(s) (or otherwise) into compliance with applicable laws, rules and regulations and/or the cost to remove any work/improvements that cannot be brought into such compliance. Buyer agrees to release and hold Closing Agent harmless for, from and against any and all liabilities, claims, demands, suits or causes of action arising out of and/or pertaining to the Outstanding Item(s), including, without limitation, any amount(s) necessary to fully satisfy and/or release any Outstanding Item, the cost to remedy any improvements/work performed (or not performed) pursuant to the Outstanding Item(s) and/or the forced removal of any such work/improvements performed pursuant to the Outstanding Item(s).

**BUYER(S):**

_/s/ Frank L. Mucerino, III_
Frank L. Mucerino, III

_/s/ Stephanie L. Mucerino_
Stephanie L. Mucerino

**SELLER(S):**

_/s/ Frank Mucerino, Jr_
Frank Mucerino, Jr

_/s/ Laura Mucerino_
Laura Mucerino

# FLORIDA INSURANCE PREMIUM DISCLOSURE

File No: 21-22761-001

APRIL 7TH 2021

Closing Date: April 5, 2021

You are being given this form and certification to explain differences between Federal and Florida law. Federal law requires the costs of the policies to be calculated using the full premium for the lender policy. Florida law allows the premium for the lender's policy to be calculated using a lower rate when purchased along with an owner's policy.

If both an owner's policy and a lender's policy are being purchased, the title insurance premiums on this form might differ from the premiums on the Closing Disclosure. The owner's policy premium listed on the Closing Disclosure (if any) will probably be lower than on this form, and the lender policy premium will probably be higher.

The chart below lists the amounts disclosed by the lender and the premium for the policies being purchased. These amounts include the charges for endorsements to the policies:

|     |                           | Closing Disclosure Amount | | Florida Premium | |
|-----|---------------------------|-------------|--------|-------------|--------|
|     |                           | Buyer       | Seller | Buyer       | Seller |
| (a) | Lender's Policy           | N/A         | N/A    | N/A         | N/A    |
| (b) | Lender's Endorsements     | N/A         | N/A    | N/A         | N/A    |
| (c) | Lender's Policy Total     | N/A         | N/A    | N/A         | N/A    |
| (d) | Owner's Policy            | $3,325.00   | $0.00  | $3,325.00   | $0.00  |
| (e) | Owner's Endorsements      | $0.00       | $0.00  | $0.00       | $0.00  |
| (f) | Owner's Policy Total      | $3,325.00   | $0.00  | $3,325.00   | $0.00  |
|     | Total All Policies (c + f)| $3,325.00   |        | $3,325.00   |        |

The total dollar amount for the policies as disclosed on this form should be equal to the total premium calculated using the Florida Insurance Code. The Florida Premium amounts listed above will be used to disburse the funds from the title agency's escrow account to Old Republic National Title Insurance Company and Berlin Patten Ebling PLLC.

The undersigned hereby certify that they have carefully reviewed the Closing Disclosure (if any) or other settlement statement form and they approve and agree to the payment of all fees, costs, expenses and disbursement as reflected on the Closing Disclosure (if any) or other settlement statement form to be paid on their behalf. We further certify that we have received a copy of the Closing Disclosure (if any) or other settlement statement.

**BUYERS:**

_____  Date: 4/5/21
Frank L. Mucerino, III

_____  Date: 4/5/21
Stephanie L. Mucerino

**SELLERS:**

_____  Date: 4/5/21
Frank Mucerino, Jr.

_____  Date: 4/5/21
Laura Mucerino

## Settlement Agent Certification

I have reviewed the settlement statement for this transaction, the Closing Disclosure (if any), the lender's closing instructions (if any) and any and all other forms relative to the escrow funds, including any disclosure of the Florida title insurance premiums being paid, and I agree to disburse the escrow funds in accordance with the terms of this transaction and Florida law.

_____           April 7, 2021
Settlement Agent Signature                    April 5, 2021
                                              Date

Gabriella Perez
Settlement Agent Name                         1011410
                                              Florida License No

Berlin Patten Ebling PLLC
Title Agency Holding Funds
                                              _____
                                              Florida License No

# CONTRACT ADDENDUM

This Contract Addendum (the "Addendum") is made this 5th day of April, 2021, by and between Frank L. Mucerino, III and Stephanie L. Mucerino ("Buyer"), and Frank Mucerino, Jr and Laura Mucerino ("Seller").

## RECITALS

Buyer and Seller are parties to that certain AS IS Residential Contract dated 3/9/2021, (hereinafter referred to as the "Agreement"), and the parties wish to modify and/or supplement the terms of the Agreement, as more particularly described hereafter.

## TERMS

NOW, THEREFORE, the Buyer and Seller hereby agree as follows:

1. The foregoing Recitals are true and correct and are incorporated herein by this reference. Notwithstanding anything in the Agreement to the contrary, the Agreement is hereby modified and/or supplemented as follows:

   a) The Closing Date will be 4/5/2021 and the disbursement date will be 4/6/2021. 4/7/2021
   b) The Purchase Price will be $650,000.000. The buyer will be paying cash for the property.
   c) Buyer will be paying all documentary stamp taxes due in this transaction.

2. Except as contained herein, all of the terms, covenants and conditions of the Agreement are hereby ratified and confirmed, and shall be and remain in full force and effect. To the extent anything contained herein conflicts with the terms of the Agreement, this Addendum shall prevail. This Addendum may be executed in counterparts, each of which shall constitute an original instrument.

IN WITNESS WHEREOF the parties have set their hands and seals on the day first above written.

BUYER(S):

_____
Frank L. Mucerino, III

_____
Stephanie L. Mucerino

SELLER(S):

_____
Frank Mucerino, Jr

_____
Laura Mucerino

Addendum

21-22761-001

# TITLE STATUS CERTIFICATION
## (Individual)

The undersigned hereby represent(s), warrant(s), affirm(s), and certify(ies) the following:

1. The undersigned is/are the sole and exclusive owner(s), in fee simple, of the following described property (hereinafter the "Property"), to wit:

   LOT 13, BLOCK 30, MIRABAY PHASE 3B-2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 98, PAGE(S) 54, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

2. The undersigned own(s) the Property free and clear of all liens, taxes, encumbrances, and claims of every kind, nature, and description whatsoever, except for real estate and personal property taxes for the current year, and exceptions identified in any title commitment issued in connection herewith (hereinafter "Title Commitment"); and further, the undersigned is/are in possession of the Property to the exclusion of all others, other than Tenants under leases previously disclosed to the Buyer (as hereinafter defined).

3. Within the past ninety (90) days there have been no improvements, alterations, or repairs to the Property for which the costs thereof remain unpaid, and that within the past ninety (90) days there have been no claims for labor or material furnished for repairing or improving the same, which remain unpaid, and that the undersigned has/have not and will not execute any instrument or do any act whatsoever which would or might in any way affect, adversely or otherwise, the title to the foregoing.

4. There are no mechanic's, materialmen's, or laborer's liens against the Property.

5. The personal property contained within or upon in the buildings on the Property, if any, is being sold to the purchaser(s) mentioned below; is also free and clear of any liens, encumbrances, claims, and demands whatsoever; and is not subject to personal property taxes for the current year.

6. The undersigned, in the operation of the Property, has/have complied in all respects with the sales tax laws of the state in which the Property is located, to the extent the Property has been leased.

7. The undersigned know(s) of no violations of Municipal or County Ordinances, State or Federal Statutes, or regulations, recorded covenants, conditions, or restrictions applicable to the Property.

8. No judgment or decree has been entered in any court of this state or of the United States against any of the undersigned, nor in any court of the state in which the Property is located, or in the United States, or before any official body that would give rise to a lien that would attach to the Property, either prior to closing, or between the disbursing of the closing funds to any of the undersigned and the recording of the applicable closing documents; and that there are no unpaid liens or assessments against any of the undersigned for federal and/or state taxes of any kind and nature. The undersigned is/are not involved in any bankruptcy proceeding, and the undersigned do/does not anticipate the filing of any petition in bankruptcy during the ninety (90) day period of time following the closing date.

9. There are no unrecorded easements, or outstanding easements, or claims of easements, not shown by the Public Records of the County in which the Property is located.

10. There are no encroachments, overlaps, boundary line disputes, or other matters that would not be disclosed by an accurate survey of the Property.

Title Status Certification (Individual)

21-22761-001

11. There are no taxes or special assessments that are not shown as existing liens by the Public Records of the County in which the Property is located.

12. There are no matters pending against the undersigned that could give rise to a lien that would attach to the Property between the date of any title commitment and the recording of the interest to be insured, and that the undersigned has/have not, and will not, execute any instrument that would adversely affect the title or interest to be insured.

13. There are no existing contracts for sale, options to purchase, or unrecorded deeds or mortgages, existing against or otherwise encumbering the title to the Property; the Property is not encumbered by (nor will it be encumbered by), the lien of any judgment, writ, or attachment, income tax, sales tax, payroll tax, intangible property tax, or any other tax or assessment, made or suffered by or through Company; and, there does not now exist, nor will there exist any outstanding judgments, liens of creditors, federal or state tax liens, or RICO lien notices as provided in Florida Statutes § 895.07.

14. There are no adverse claims to any portion of the Property that have been created by artificial means or have accreted to any such portion so created, and riparian rights, if any.

Section 1445 of the Internal Revenue Code provides that a transferee (Buyer) of a U.S. real property interest must withhold tax at a rate of up to 15% of the amount realized on the disposition [of the Property] if the transferor (the undersigned) is a foreign person. To inform the Buyer that withholding of tax **is not** required upon the disposition of a U.S. real property interest by the undersigned, the undersigned hereby swear(s), affirm(s), and certify/ies the following as, or on behalf of, the undersigned:

15. The undersigned's Legal Name(s):

**Frank Mucerino, Jr and Laura Mucerino**

16. The undersigned's Home Address(es):

**6308 Cocoa Lane, Apollo Beach, FL 33572**

17. The undersigned **is not/are not** a non-resident alien(s) (as that term is defined in the Internal Revenue Code and Income Tax Regulations).

18. The undersigned acknowledge(s) and understand(s) that this certification may be disclosed to the Internal Revenue Service by the Buyer of the Property, and that any false statements contained herein may be punished by fine, imprisonment, or both.

19. This Certification is made for the benefit of **Frank L. Mucerino, III and Stephanie L. Mucerino**, the Buyer of the Property, in compliance with the Federal Tax Reform Act of 1984, to inform the Buyer that withholding of tax **is not** required upon the disposition by any the undersigned of a U.S. Real Property Interest. The undersigned acknowledge(s) and understand(s) that the Buyer intends to rely upon this Certification in connection with the United States Foreign Investment in Real Property Tax Act of 1980 ("FIRPTA"), enacted as Subtitle C of Title XI (the "Revenue Adjustments Act of 1980"), of the Omnibus Reconciliation Act of 1980, Public Law No. 96-499, 94 Stat. 2599, 2682 (December 5, 1980), as amended.

20. In connection with the sale or exchange of the Property, you are required by law to provide **Berlin Patten Ebling, PLLC** with your correct Taxpayer Identification Number ("TIN"), also known as your Social Security Number. If you do not so provide your TIN, you may be subject to civil or criminal penalties imposed by law.

Title Status Certification (Individual)

21-22761-001

The undersigned's Taxpayer Identification Number (TIN or SSN):

NAME

Frank Mucerino Jr
Laura Mucerino

SOCIAL SECURITY NUMBER

The Taxpayer Identification Number(s) is/are being provided in connection with a real estate transaction.

21. For purposes of reporting this transaction to the Internal Revenue Service on Form 1099-S, the Property is the undersigned's (check one):

    __X__ Principal Residence
    _____ Other Real Estate

22. Under penalties of perjury, the undersigned declare(s) that each of the undersigned has examined this certification and to the best of the undersigned's knowledge and belief, it is true, correct, and complete; the undersigned further declare(s) that each of the undersigned has authority to sign this document on his/her behalf, and that the Taxpayer Identification Number shown on this statement is the undersigned's correct TIN.

23. This Certification is made for the purpose of inducing **Frank L. Mucerino, III and Stephanie L. Mucerino** (the "Buyer") to acquire the Property from the undersigned, and for **Berlin Patten Ebling, PLLC** (the "Title Agent"), and **Old Republic National Title Insurance Company** (the "Title Insurance Company"), to provide a title insurance policy therefore.

24. The undersigned further certify/ies that the undersigned has/have read, or has/have heard read to the undersigned, the full facts of this Certification, and understand(s) its contents.

25. The undersigned agree(s), in further consideration of the issuance of a policy or policies of title insurance, to defend, indemnify, and hold harmless Berlin Patten Ebling, PLLC, its successors, past, present and future officers, directors, members, employees and agents (collectively, "BPE") and Title Insurance Company for, from and against any and all claims, suits, liabilities and/or cause(s) of action relating to, arising out of and/or in connection with any false statement, omission, or other inaccuracy contained herein (collectively, a "Claim"). In the event that a Claim is asserted against BPE and/or Title Insurance Company, the undersigned shall also be solely responsible for the reasonable attorney's fees and court costs incurred by BPE and/or Title Insurance Company, including, without limitation, pre-suit negotiation, litigation, trial, post-trial proceedings, appellate work, and bankruptcy proceedings. The obligation to defend contained herein is independent of the obligation to indemnify against a Claim, and arises at such time as a Claim has been submitted to BPE and/or Title Insurance Company, and a demand has been made on the undersigned for the defense of same.

26. **VERIFICATION PURSUANT TO SECTION 92.525, FLORIDA STATUTES.** Under penalties of perjury, the undersigned declare that they have read the foregoing document and that the facts stated in it are true.

_____
Frank Mucerino, Jr.

_____
Laura Mucerino

Title Status Certification (Individual)

21-22761-001

# SURVEY ACKNOWLEDGMENT
(USE OF PRIOR SURVEY)

File No.: 21-22761-001
Property Address: 5711 Sea Turtle Place, Apollo Beach, FL 33572
Buyer(s) Name: Frank L. Mucerino, III and Stephanie L. Mucerino
Seller(s) Name: Frank Mucerino, Jr and Laura Mucerino

**LEGAL** LOT 13, BLOCK 30, MIRABAY PHASE 3B-2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 98, PAGE(S) 54, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

A. The undersigned Buyer(s) represents that they are acquiring the above captioned property (the "Property"). In connection therewith, the closing agent, Berlin Patten Ebling PLLC as agent for Old Republic National Title Insurance Company (collectively the "Closing Agent") has advised the Buyer(s) to obtain a new survey depicting the current improvements and other matters associated with the Property. However, Buyer(s) have elected to rely upon a prior survey for the Property.

B. The undersigned Buyer(s) have requested that Berlin Patten Ebling PLLC review the prior survey (the "Prior Survey") of the above property (the "Property"). Berlin Patten Ebling PLLC agreed to do so, provided the undersigned execute this acknowledgement.

C. Berlin Patten Ebling PLLC makes no representation, commitment or warranty about the Surveyor and/or its qualifications, and/or the accuracy or reliability of the Prior Survey. Accordingly, the undersigned hereby agree to release Berlin Patten Ebling PLLC and its attorneys and employees for, from and against all liabilities, claims, suits or causes of action arising out of, pertaining to, or otherwise relating to the accuracy or inaccuracy of the Prior Survey, and hereby agree to indemnify, defend and hold harmless Berlin Patten Ebling PLLC and its attorneys and employees for from and against all liabilities, claims, suits or causes of action arising out of, pertaining to, or otherwise relating to the accuracy or inaccuracy of the Prior Survey.

D. The Prior Survey will be accompanied by an affidavit executed by the Seller(s), wherein the Seller's represent(s), among other things, that there have been no changes to the Property, including the addition of any improvements to the Property, since the date of the Prior Survey (the "Seller's Prior Survey Affidavit"). The Buyer(s) hereby agree that he/she/they will hold neither Closing Agent nor the holder of any mortgage on the Property herein described, liable or otherwise responsible for any error or inaccuracy contained in the Prior Survey or in the event that any statement contained within the Seller's Prior Survey Affidavit is false, misleading, or untrue.

E. The undersigned acknowledge and represent that they have carefully reviewed the Prior Survey, and do hereby acknowledge that the following violations/encroachments are reflected in the Prior Survey, to-wit:

1. Northern Portion of Property: None Per Survey.
2. Eastern Portion of Property: retention wall, metal fence and seawall encroach in to easements along the rear lot line, dock and boat lift extend beyond rear lot line into wetland preserve,
3. Southern Portion of Property: None Per Survey.
4. Western Portion of Property: Concrete drive and paver walkway encroach onto 5 foot drainage and utility easement along the front lot line and extend into right of way.

Note: The foregoing violations/encroachments do not include potential violations or encroachments into governmental setbacks, which have not been researched or otherwise reviewed by Berlin Patten Ebling PLLC and which are not covered as part of the purchaser's title insurance policy.

F. The undersigned acknowledge that the parties have asked Berlin Patten Ebling PLLC to review a prior survey, and that such survey reveals the existence of improvements that lie beyond the property's boundary, such as docks and a boat lift. Berlin Patten Ebling PLLC has not been asked to perform any due diligence with respect to the location of such improvements. The undersigned further acknowledge that the survey does not state whether or not the seawall is the waterfront boundary of the lot. Although that appears to be the case, there is no notation to this effect on the survey.

Survey Violation Encroachment Acknowledgment (Purchase Prior Survey)

G   The undersigned acknowledge that an exception for the above violations/encroachments will appear in any title insurance policy issued to undersigned and/or its lender (if applicable). The undersigned hereby agree that they will hold neither Berlin Patten Ebling PLLC the issuer of any title insurance policies, nor the holder of any mortgage on the Property herein described, liable for any of the foregoing violations/encroachments, including, without limitation any situation in which they are ever required to be corrected, moved or removed.

**BUYER(S):**

*/s/ Frank L. Mucerino, III*
Frank L. Mucerino, III

*/s/ Stephanie L. Mucerino*
Stephanie L. Mucerino

Survey Violation Encroachment Acknowledgment (Purchase Prior Survey)

21-22761-001

Case 3:21-cv-00284   Document 12-1   Filed 06/12/21   Page 19 of 19 PageID #: 59