IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FRANK MUCERINO, III and
CREEKSIDE TERRACE LLC,

   Plaintiffs,

v.

CHARLES JOSHUA DALE MARTIN,

   Defendant.

Case No. 3:21-cv-00284
Judge Aleta A. Trauger

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE DEFENDANT'S PETITION TO DISMISS PURSUANT TO THE TENNESSEE PUBLIC PARTICIPATION ACT OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO DEPOSE DEFENDANT**

The plaintiffs, Frank Mucerino, III and Creekside Terrace, LLC, in support of their Motion to Strike Defendant Charles Joshua Dale Martin's Petition to Dismiss Pursuant to the Tennessee Public Participation Act (Dkt. 13), or, In the Alternative, Request for Leave to Depose Defendant, state as follows:

### INTRODUCTION

This is a defamation and false light case. Plaintiff Frank Mucerino, III is the owner and founder of Creekside Terrace, LLC, a family-owned real estate development company that has developed two residential communities in Burns, Tennessee: (a) Camp Ravine Estates; and (b) The Cottages at Sycamore Ridge. Defendant Mr. Martin defamed the plaintiffs and placed them in a false light by publishing false statements on social media that plaintiffs were ignoring their

obligations associated with the Camp Ravine Estates neighborhood and on the verge of filling bankruptcy.

Plaintiffs filed their Complaint on April 7, 2021 (Dkt. 1). On June 14, 2021, the Defendant filed a Petition to Dismiss Pursuant to the Tennessee Public Participation Act (Dkt. 13), which is Tennessee's version of an Anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. But this Court has held that Anti-SLAPP statutes are not applicable in federal court because the Anti-SLAPP statute, by purporting to offer the applicable standard for granting pre-trial judgment to defendants in federal court, "directly conflicts with Rule 8 and Rule 12, which define the criteria for assessing the sufficiency of a pleading before discovery." *Lampo Group, LLC v. Paffrath*, 2019 WL 3305143, at *3 (M.D. Tenn. July 23, 2019) (*citing* *Abbas v. Foreign Policy Grp.*, LLC, 783 F.3d 1328, 1337 (D.C. Cir. 2015) (internal quotations omitted). This Court further recognized that the California Anti-SLAPP statute at issue in *Lampo Group, LLC* also conflicted with Rule 56, which "only requires a nonmovant designate specific facts showing that there is a genuine issue for trial." *Lampo Group, LLC*, 2019 WL 3305143, at *3.

Because the Tennessee Anti-SLAPP statute offers a different standard for granting pre-trial judgment to defendants in federal court than the Federal Rules of Civil Procedure and interpretive case law, the Tennessee Anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure and is not applicable in federal court. To reduce needless expense, the plaintiffs urge this Court to make quick work

of the Defendant's Petition to Dismiss and strike it consistent with the holding of this Court in *Lampo Group, LLC v. Paffrath,* 2019 WL 3305143 (M.D. Tenn. July 23, 2019).

In the alternative, should this Court find that further consideration of the defendant's Petition to Dismiss is warranted, the plaintiffs respectfully request leave to depose the defendant Mr. Martin before filing a response addressing the weaknesses of the Petition on the merits.

## BACKGROUND

Plaintiff Frank Mucerino, III is the owner and founder of Creekside Terrace, LLC, a family-owned real estate development company that has developed two residential communities in Burns, Tennessee: (a) Camp Ravine Estates; and (b) The Cottages at Sycamore Ridge. (Compl. ¶ 9.) Defendant Mr. Martin defamed the plaintiffs and placed them in a false light by publishing false statements on social media that plaintiffs were ignoring their obligations associated with the Camp Ravine Estates neighborhood and on the verge of filling bankruptcy. (Compl. ¶ 15.)

Plaintiff filed their complaint in this Court on April 7, 2021. As set forth in the Complaint (Dkt. 1) and as further elucidated in plaintiff's Motion to Reset Initial Case Management Conference and Set Date for Defendant's Filing of a Responsive Pleading (Dkt. 12) and Declaration of Stephanie Mucerino that accompanied that motion, this Court has diversity jurisdiction because the citizenship of plaintiffs is diverse from that of the defendant.

On June 14, 2021, before filing an Answer to the Complaint, the defendant Mr. Martin filed a Petition to Dismiss Pursuant to the Tennessee Public Participation Act. This Tennessee Anti-SLAAP law sets out a procedural framework that Tennessee courts are to use to protect "the rights of persons to file meritorious lawsuits for demonstrable injury." Tenn. Code Ann. § 20-17-102. Tennessee Code Annotated § 20-17-105(a) provides that the petitioning party "has the burden of making a prima facie case that a legal action...is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association." If a petitioner meets this burden, a court will "dismiss the legal action unless the responding party (the plaintiff in the action) establishes a *prima facie* case for each essential element of the claim in the legal action." Tenn. Code Ann. § 20-17-105(b). If the responding party establishes such a *prima facie* case, the court will nevertheless "dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action." *Id.* Further, "[i]f the court determines the responding party established a likelihood of prevailing on a claim," that determination is not admissible later in the case. Tenn. Code Ann. § 20-17-105(f). The Tennessee Anti-SLAPP law expressly provides that any aggrieved party may immediately appeal "as a matter of right to the court of appeals" and that the Tennessee Rules of Appellate Procedure "govern such appeals." Tenn. Code Ann. § 20-17-106.

In yet another intrusion by the Tennessee Anti-SLAPP law into the provinces of the Federal Rules of Civil Procedure, a non-movant must file its response "no less

than five (5) days before the hearing or, in the court's discretion, at any earlier time that the court deems proper."

## ARGUMENT

A. Tennessee's Anti-SLAPP Statute is Inapplicable in Federal Court and Should be Stricken.

Consistent with Judge Eli Richardson's opinion in *Lampo Group, LLC v. Paffrath*, 2019 WL 3305143 (M.D. Tenn. July 23, 2019), Tennessee's Anti-SLAPP law is not applicable in federal court. "A federal court exercising diversity jurisdiction should not apply a state law if (1) a Federal Rule of Civil Procedure "answer[s] the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act."[1] *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (citations omitted). "[U]nder Federal Rule 12(b)(6), a plaintiff can overcome a motion to dismiss by simply alleging facts sufficient to state a claim that is plausible on its face." *Abbas*, 783 F.3d at 1334 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "If the complaint survives a motion to dismiss, a defendant may still move before trial for summary judgment under Rule 56 . . . [b]ut Rule 56 permits summary judgment only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Abbas*, 783 F.3d at 1334 (*quoting* Fed.R.Civ.P. 56(a)). "Rules 12 and 56 help form

---

[1] There is no reasonable contention that that Rules 8, 12, and 56 comply with the Rules Enabling Act and the Constitution. *See Lampo Group, LLC*, 2019 WL 3305143, at *4 ("The Court has little difficulty determining that [Rules 8, 12, and 56] do not [violate the Rules Enabling Act or the Constitution]"); *Abbas*, 783 F.3d 1328, 1336 ("We need not take a long time here to explain that Federal Rules 12 and 56 are valid under the Rules Enabling Act.")

an integrated program for determining whether to grant pre-trial judgment in cases in federal court." *Id.*

Similarly, in a Eleventh Circuit opinion relied upon by this Court in *Lampo Group, LLC*, the Eleventh Circuit found that Georgia's Anti-SLAPP statute did not apply in federal courts. *See also Carbone v. Cable News Network*, 910 F.3d 1345, 1357 (11th Cir. 2018) ("Because Rules 8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the Georgia Anti-SLAPP statute, the motion-to-strike procedure created by that statute cannot apply in federal court.")

The Tennessee Anti-SLAPP statute does not apply in federal court. Although this Court declined to conclusively determine in *Lampo Group, LLC* whether the Tennessee Anti-SLAPP statute was applicable in federal court because it was unnecessary to that particular decision, the Court left no doubt where it stood through its reasoning and its express comment that "[t]he standard provide by Tennessee's new anti-SLAPP law is different than that dictated by Federal Rules of Civil Procedure 8, 12, and 56." *Lampo Group, LLC*, 2019 WL 3305143, at *3 n.6. Rather than a "short and plain statement" sufficient to state a claim that is plausible on its face, the Tennessee Anti-SLAPP statute requires a plaintiff to present a prima facie case for each essential element of the claim, all without the benefit of discovery unless the court lifts the statutory stay of discovery. Tenn. Code Ann. §§ 20-17-105(b)-(c); 20-17-104(d). Indeed, the Tennessee Anti-SLAPP statute suggests that a Tennessee court must determine that a non-movant has

"established a likelihood of prevailing on a claim." Tenn. Code Ann. § 20-17-105(f) (providing that if a non-movant establishes a likelihood of prevailing on a claim that determination may not be admitted into evidence later in the case and does not affect the burden of proof in the proceeding). The Tennessee Anti-SLAPP statute further provides that it may be based on affidavits and other admissible evidence (intruding upon Rule 56). Tenn. Code Ann. § 20-17-105(d).

Other intrusions on the Federal Rules of Civil Procedure include:

- A provision that a decision of the trial court "is immediately appealable as a matter of right to the court of appeals . . . [and that] [t]he Tennessee Rules of Appellate Procedure applicable to appeals as a matter of right govern such appeals." Tenn. Code Ann. § 20-17-106. This intrudes under Federal Rule of Appellate Procedure 3.

- §§ 20-17-104(b)(c) of the Tennessee Anti-SLAPP statute provides a procedural framework for filing petitions and responses thereto that intrudes upon the Federal Rules of Civil Procedure and Local Rule 7.01(3) for the United States District Court for the Middle District of Tennessee (providing that the movant's petition is to be filed within 60 days from service and the response is to be filed "no less than five (5) days before the hearing or, in the court's discretion, at any earlier time that the court deems proper.")

Lest there be any doubt what the Tennessee Anti-SLAPP statute is, the statute is found in Title 20 of the Tennessee Code, which is entitled "Civil Procedure."

As recognized by this Court in *Lampo Group, LLC*, Anti-SLAPP statutes and the federal rules "purport to answer the same question—the applicable standard for granting pre-trial judgment to defendants in federal court." *Lampo Group, LLC*, 2019 WL 3305143, at *3. Because the standards this court applies to grant or deny pre-trial judgment are found in the federal rules of civil procedure and interpretive federal case law such as *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), Tennessee's Anti-SLAPP statute is not applicable in federal court and the defendant's Petition to Dismiss should be stricken.

### B. In the Alternative, Plaintiffs Seek Leave To Take the Deposition of the Defendant Before Responding on the Merits to Defendant's "Petition to Dismiss."

For the reasons stated above, the defendant's "Petition to Dismiss" Plaintiffs' Complaint pursuant to the Tennessee Anti-SLAPP statute should be stricken. In the alternative, should this Court decline to strike the defendant's Petition to Dismiss, plaintiffs respectfully request leave to take the deposition of defendant Mr. Martin.

Contemporaneous to the filing of the Petition to Dismiss, Mr. Martin submitted his sworn declaration that attached seven exhibits. Rule 12(d) of the Federal Rules of Civil Procedure requires that if matters outside the pleadings are presented as part of a Rule 12 motion, the motion must be treated as one for

summary judgment and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

Here, plaintiffs are entitled to test to assertions made by defendant Mr. Martin in his declaration submitted with his Petition to Dismiss. For example, in numbered paragraph 11 of his declaration, Mr. Martin states that he "was advised that Camp Ravine homeowners spoke with Tim V. Potter, attorney for the Town of Burns." In numbered paragraph 12 of his declaration, Mr. Martin states that he "was advised that Mr. Potter suggested that Camp Ravine should obtain an attorney and sue Plaintiffs to force Plaintiffs to correct the unresolved issues referenced in the post." The use of the passive voice is surely no accident. Plaintiffs are entitled to learn who allegedly said these things to Mr. Martin and test other statements made by Mr. Martin in his declaration before responding to the "Petition to Dismiss," which seeks the dismissal of the plaintiffs' complaint on the merits and "to sanction the Plaintiffs under the Tennessee Public Participation Act." (Def.'s Petition to Dismiss, pp. 1-2.)

## CONCLUSION

For the reasons stated above, this Court should strike the defendant's "Petition to Dismiss Pursuant to the Tennessee Public Participation Act." In the alternative, this Court should grant the plaintiffs leave to depose Mr. Martin relating to the statements in his declaration that he filed in support of his Petition to Dismiss Pursuant to the Tennessee Public Participation Act before requiring the plaintiffs to respond to said motion.

Respectfully submitted,

s/*Eric W. Smith*
Eugene N. Bulso, Jr. (BPR No. 12005)
Eric W. Smith (BPR No. 21694)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
(615) 913-5135
gbulso@bulso.com
esmith@bulso.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system on this the 28th day of June 2021, to the following persons:

John Paul Nefflen
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Ste. 300
Nashville, Tennessee 37203
615-850-2295
jnefflen@shackelford.law
*Counsel for the Defendant*

s/*Eric W. Smith*
Eric W. Smith