IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FRANK MUCERINO III and<br>CREEKSIDE TERRACE LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARLES JOSHUA DALE MARTIN,<br><br>    Defendant. | Case No. 3:21-cv-00284 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARTIN'S RULE 12(b)(1) MOITON TO DIMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1) Defendant Charles Joshua Dale Martin submits this Memorandum of Law in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Court, sitting in diversity, should dismiss this action because there was not complete diversity between the parties when Plaintiffs Mucerino and Creekside Terrace, LLC filed their Complaint on April 7, 2021.

Defendant is domiciled in Tennessee. Plaintiff Creekside Terrace, LLC is a Tennessee limited liability company. (*See* **Exhibit A**, Secretary of State Filings.) Plaintiff Creekside Terrace, LLC's members include Plaintiff Mucerino. (Compl., Doc. 1, ¶ 5.)

Plaintiff Mucerino claims he is domiciled in Florida. (Compl., Doc. 1, ¶ 4.) Plaintiff Mucerino, who has been domiciled in Tennessee since 1981, claims he changed his domicile to Florida when he purchased a residence there on April 7, 2021, the same day he filed this action. (**Exhibit B**, F. Mucerino Dep, 7:21-22.) As discussed below, Plaintiff Mucerino cannot overcome the presumption that his domicile remained in Tennessee on April 7, 2021.

## I. FACTS

Plaintiff Mucerino was born in Tennessee in 1981 and lived in Tennessee for almost his whole life. (Ex. B., 8:20-25; 9:23-25.) Mucerino met and married his wife in Tennessee. They have been married for 13 years. Until March 31, 2021, Plaintiff lived at 1387 Camp Ravine Road in Burns, Tennessee. (Ex. B, 10:1-10:24.) Plaintiff Mucerino purchased a home in Florida, on April 7, 2021, (Ex. B, 18:19-21), the day Plaintiffs filed this action.

Plaintiff Mucerino owns two Tennessee limited liability companies, Plaintiff Creekside Terrace, LLC and Better Built Homes, LLC. As of June 7, 2021, when Defendant took Plaintiff Mucerino's deposition, Plaintiff Mucerino did not own any businesses in Florida. (Ex. B, 28:8-17.) As of the date of this Motion, both of Plaintiff Mucerino's companies maintain their principal office at 1387 Camp Ravine Road in Burns, Tennessee, Plaintiff Mucerino's home which he sold on March 31, 2021. Further, as of the date of this Motion, both companies identify Plaintiff Mucerino as the registered agent of process and list his address as 1387 Camp Ravine Road, Burns, Tennessee. (*See* Ex. A.)

Through his companies, Plaintiffs Mucerino develops and builds residential homes. (Ex. B, 20:7-13; 23:10-14.) As of April 7, 2021, Plaintiff Mucerino continued to build homes in Tennessee through his companies. (Ex. B, 23:15-25.) Further, as of the date of this Motion, Plaintiff Mucerino continued to maintain his Tennessee contractor's license. (*See* **Exhibit C**, Plaintiff Mucerino's Contractor License Verification from the Tennessee Department of Commerce and Insurance.

As of April 7, 2021, Plaintiff Mucerino's personal bank account was in Tennessee, and he had no bank account in Florida. (**Exhibit D**, S. Mucerino Dep., 8:19-9:12.) Similarly, as of April 7, 2021, the bank accounts for Plaintiffs' businesses were also in Tennessee, and they had no bank

accounts in Florida. (Ex. D, 9:13-25.) As of April 7, 2021, Plaintiff Mucerino had not paid any income tax in Florida. (Ex. B., 27:12-13.)

As of April 7, 2021, Plaintiff Mucerino possessed a Tennessee driver's license, not a Florida license, (Ex. B, 26:23-27:20); his vehicles were registered in Tennessee, not Florida. (Ex. B, 27:3-11); he was registered to vote in Tennessee, not Florida (Ex. B, 24:18-23); and his child was registered for school Tennessee, not Florida. (Ex. B, 27:18-28:3.)

As of April 7, 2021, Plaintiff Mucerino had real property and personal property in Tennessee. (Ex. B, 14:18-15:19; 18:2-13; 18:22-24.)

Although Plaintiff Mucerino claims he changed his domicile from Tennessee to Florida on April 7, 2021, the day Plaintiffs filed this action, he cannot overcome the presumption that his domicile remained in Tennessee.

## II. ARGUMENT

### A. Rule 12(b)(1) Standard.

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). Defendant Martin asserts a "factual attack" -- a challenge to the factual existence of subject matter jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### B. Diversity Jurisdiction is Determined by Domicile.

Subject matter jurisdiction based on diversity of citizenship requires that there be complete diversity between all plaintiffs and all defendants. *See* 28 U.S.C. § 1332(a); *Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir. 1973) (requiring complete diversity of citizenship between all plaintiffs and all defendants). Limited liability companies "have the citizenship of each partner or member." *Dan's Gourmet Spot, LLC v. Versa Mktg., Inc.*, 2017 WL 9807431, at *1 (M.D. Tenn. Oct. 19, 2017) (*quoting V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010)).

For the Court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the parties as of April 7, 2021, when Plaintiffs filed their Complaint. *See Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 524 (6th Cir. 2001) ("The Supreme Court has consistently held that 'jurisdiction is tested by the facts as they existed when the action [was] brought' and 'that after vesting, it cannot be ousted by subsequent events.'" (citing *Smith v. Sperling,* 354 U.S. 91, 93 n. 1, (1957)).

Citizenship for purposes of diversity jurisdiction is determined by the party's domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("State citizenship for purposes of the diversity requirement is equated with domicile.") *See also Black v. Mt. Pleasant Tenn. Police Dep't.*, 2015 U.S. Dist. LEXIS 93995, at *10 (M.D. Tenn. June 16, 2015). Domicile, however, is not synonymous with a person's residence. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989); *Stifel*, 477 F.2d at 1120 (6th Cir. 1973) ("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention

to make his home elsewhere.") An individual "may have several residences, but only one domicile." *Eastman v. Univ. of Mich.*, 30 F.3d 670, 673 (6th Cir. 1994).

To determine a party's domicile, courts use a totality of the circumstances, case-by-case analysis weighing a variety of domicile-indicative factors, including:

1. the party's current residence;
2. voter registration and voting practices;
3. situs of personal and real property;
4. location of brokerage and bank accounts,
5. membership in unions, fraternal organizations, churches, clubs, and other associations;
6. place of employment or business;
7. driver's license and automobile registration;
8. payment of taxes; and
9. other aspects of human life and activity.

*Woods v. Keith Titus Corp.,* 2013 WL 3324062, at *3 (E.D. Tenn. July 1, 2013). "No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature." *Id.*

C. **Plaintiffs Bear the Burden of Proving Diversity Jurisdiction.**

Plaintiffs bear the burden of proving that diversity jurisdiction exists. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Defendant's own statements concerning [his or her] intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent." *Markie v. Chastain*, 2005 WL 8156809, at *3 (W.D. Tenn. July 22, 2005).

"'[T]here is a widely accepted presumption favoring the continuation of an established domicile against an allegedly newly acquired one; the party trying to show a change in domicile carries a heavier burden than one attempting to show retention of an existing one.'" *Kendall v. Delong*, 2020 WL 2341159, at *5 (E.D. Tenn. May 11, 2020) (quoting *Ford Motor Co. v. Collins*, 2011 WL 5877216, at * 1 (E.D. Mich. Nov. 23, 2011), aff'd, No. 20-5573, 2020 WL 9813548 (6th Cir. Dec. 1, 2020). *See also Mitchell v. United States*, 88 U.S. (21 Wall) 350, 353 (1875) ("domicile once acquired is presumed to continue until it is shown to have been changed")). "The presumption must be overcome by 'clear and convincing evidence' showing that the domicile has changed." *Id.* (citing *S. Indus. Mech. Maint. Co., LLC v. Swafford*, at *2 (W.D. Tenn. Sept. 24, 2013)).

In this case, Plaintiffs bear the burden of showing by clear and convincing evidence that Plaintiff Mucerino (1) took up residence in Florida before April 7, 2021, and (2) he intended to remain there. *See Kendall*, 2020 WL 2341159, at *5.

**D.** **Plaintiff Mucerino Cannot Overcome the Presumption That His Domicile Remained in Tennessee.**

While Plaintiff Mucerino may own a residence in Florida, he cannot overcome the presumption that on April 7, 2021, his domicile remained in Tennessee.

Except for Plaintiff Mucerino's purchase of a Florida residence, the factors listed in *Woods* all support a finding that on April 7, 2021, Plaintiff Mucerino was domiciled in Tennessee. On April 7, 2021, Plaintiff Mucerino was registered to vote in Tennessee, not Florida; he had real and personal property in Tennessee; his businesses were registered and located in and he continued to work in Tennessee developing homes; he had a Tennessee driver's license and his automobile was registered in Tennessee, not Florida; he had not paid any Florida taxes; his child was registered for school in Tennessee; and he often returned to Tennessee; and his address as the agent of process

for both of his businesses was and is listed 1387 Camp Ravine in Burns, Tennessee, Plaintiff Mucerino's home address until March 31, 2021.

Plaintiff Mucerino's purchase of a residence in Florida does not prove by clear and convincing evidence that Plaintiff Mucerino changed his domicile from Tennessee to Florida on April 7, 2021, for two reasons. First, Plaintiff cannot establish that he was physically present in Florida on April 7, 2021. He does not know where he was on April 7, 2021. Mr. Mucerino testified as follows:

> Q: On April 7, where were you actually physically located? Where were you located on April 7, 2021?
> A: I don't remember.
>
> Q: Okay. Were you in Tennessee?
> A: I don't remember.
>
> Q: Were you in Florida?
> A: I don't remember.
>
> Q: Is there any way that we can figure out where you were on April 7, 2021?
> A: I'd have to go back and look and try to figure out where I was on that day.
>
> Q: Okay. What would help us figure out where you were on April 7, 2021?
> A: I'm not sure. I don't remember that either, so I'll have to look at my schedule. Like I said, I've kind of moved a lot the last couple months, so --

(Ex. B, 6:15-7:22).

Nor does Plaintiff Mucerino recall the first time he spent the night at his residence in Florida. He testified:

> Q: Between April 7, 2021 and the present, do you recall the first time you spent the night at your Sea Turtle home?
> A: No, I don't remember.

(Ex. B, 35:6-9.)

Plaintiff Mucerino's wife testified that she and Plaintiff were in Florida on April 7, 2021 (*see* Ex. D, 11:1-11) However, her self-serving testimony is not believable when Plaintiff Mucerino has no idea where he was on that day.

Second, Plaintiff Mucerino's purchase of the Florida residence, on the day he filed this lawsuit, does not establish the requisite intent to remain in Florida, especially when (1) the presumption favors the continuation of an established domicile, *see Kendall*, 2020 WL 2341159, at *5, and (2) the majority of the *Woods* factors weigh in favor of finding that Plaintiff Mucerino's domicile on April 7, 2021 was Tennessee.

### III. CONCLUSION

Plaintiff Mucerino cannot overcome the presumption that his domicile remained in Tennessee on April 7, 2021, by clear and convincing evidence. Plaintiff Mucerino cannot prove he was physically present in Florida on April 7, 2021, and the majority of the *Woods* factors weigh in favor of finding that Plaintiff Mucerino intended to remain in Tennessee.

Consequently, there was not complete diversity of citizenship between the parties on April 7, 2021, and the Court lacks subject matter jurisdiction. Therefore, the Court should grant Defendant Martin's motion and dismiss this action with prejudice.

Respectfully submitted,

    */s/ John P. Nefflen*
John P. Nefflen, TN BPR No. 20226
Rebekah L. Shulman, TN BPR No. 27357
Shackelford, Bowen, McKinley &
Norton LLP
1 Music Cir. S., Ste. 300
Nashville, TN 37203
Telephone: (615) 256-7200
Facsimile: (615) 329-4485
jnefflen@shackelford.law
rshulman@shackelford.law

*Attorneys for Defendant Charles Joshua Dale Martin*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2021, the foregoing *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARTIN'S RULE 12(b)(1) MOITON TO DIMISS FOR LACK OF SUBJECT MATTER JURISDICTION* was filed electronically with this Court and served by operation of the Court's Case Management / Electronic Case Filing System on:

Eugene N. Bulso, Jr.
BULSO, PLC
155 Franklin Road, Ste. 400
Brentwood, TN 37027
gbulso@bulso.com

    */s/ John P. Nefflen*
John P. Nefflen