IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FRANK MUCERINO III and CREEKSIDE TERRACE, LLC, ) ) ) | |
| Plaintiffs ) ) | |
| v. ) ) | Case No. 3:21-cv-00284 |
| CHARLES JOSHUA DALE MARTIN, ) ) | |
| Defendant ) | |

### DEFENDANT MARTIN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Defendant Martin files this opposition to the Plaintiffs' *Motion to Strike The Defendant's Petition to Dismiss Pursuant to the Tennessee Public Participation Act*. The Court should deny Plaintiffs' Motion because the Tennessee Public Participation Act (the "TPPA") (1) provides substantive defenses that are not addressed in the Federal Rules of Civil Procedure, (2) the TPPA is compatible with the Federal Rules of Civil Procedure, and (3) any conflicting provisions are severable without losing the substantive defenses provided by the TPPA.

**A.** **The TPPA Answers Questions Not Addressed Under Federal Law.**

As Judge Eli Richardson explained in *Lampo Group, LLC v. Paffrath*, 2019 WL 3305143 (M.D. Tenn. July 23, 2019), "'when both a federal rule and a state law appear to govern a question before a federal court sitting in diversity,' federal courts apply a 'two-step framework' to determine which law controls." *Id.* (quoting *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010)).

> First, the court must determine whether the federal and state rules 'can be reconciled (because they answer different questions).' *[]*. If they cannot, the second step requires the court to determine whether the federal rule violates the Rules Enabling Act, 28 U.S.C. §

> 2072(b). *[]* In other words, if the state and federal rules answer different questions, or if the federal rule is not valid under the Rules Enabling Act, a federal court exercising diversity jurisdiction should apply the state law. *[]*.

*Lampo Group*, 2019 WL 3305143, at *2 (citing *Shady Grove*, 559 U.S. at 410 and 421).

Although the TPPA provides a procedure for dismissing meritless defamation actions, the TPPA answers questions not addressed by the Federal Rules of Civil Procedure, namely, whether certain speech is actionable under Tennessee law and whether the speaker engaged in protected speech is immune from suit. The TPPA provides a "substantive remedy to protect the constitutional rights of parties and to supplement any remedies which are otherwise available to those parties under the common law, statutory law, or constitutional law or under the Tennessee Rules of Civil Procedure." Tenn. Code Ann. § 20-17-109. The TPPA's purpose is to

> to encourage and safeguard the constitutional rights of persons to petition, to speak freely, to associate freely, and to participate in government to the fullest extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injury. This chapter is consistent with and necessary to implement the rights protected by Constitution of Tennessee, Article I, §§ 19 and 23, as well as by the First Amendment to the United States Constitution, and shall be construed broadly to effectuate its purposes and intent.

Tenn. Code Ann. § 20-17-102.

The TPPA adds two significant substantive defenses against claims for defamation. First, the TPPA identifies a broad category of protected speech which, as a matter of law, is not actionable. *See* Tenn. Code Ann. §§ 20-17-103(3) and (6)  Second, the TPPA provides immunity from suit, not just a defense to liability, to individuals, like the Defendant, who have engaged in protected speech. *See* Tenn. Code Ann. § 20-17-104(a). The Federal Rules of Civil Procedure do not address the substantive defenses provided by the TPPA. Therefore, the TPPA applies in federal court. *Cf. Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010) (holding that Maine's anti-SLAPP statute

applied in federal court because "Maine has not created a substitute to the Federal Rules, but instead created a supplemental and substantive rule to provide added protections, beyond those in Rules 12 and 56, to defendants who are named as parties because of constitutional petitioning activities;" Maine's anti-SLAPP statute "provides substantive legal defenses to defendants;" and it is "'so intertwined with a state right or remedy that it functions to define the scope of a state-created right,' [and] cannot be displaced by Rule 12(b)(6) or Rule 56. *Shady Grove*, 130 S.Ct. at 1452 (Stevens, J., concurring)"). *Id.*, at 88-89.

1. **Speech Concerning "a Matter of Public Concern" is Not Actionable as a Matter of Law.**

Under the TPPA, speech concerning a "matter of public concern" is not actionable. The TPPA provides that "[i]f a legal action is filed in response to a party's exercise of the right of free speech . . . that party may petition the court to dismiss the legal action." Tenn. Code Ann. § 20-17-104(a). Pursuant to Tenn. Code Ann. § 20-17-103(3), the "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern or religious expression that falls within the protection of the United States Constitution or the Tennessee Constitution." In turn, the TPPA provides that:

"Matter of public concern" includes an issue related to:

(A) Health or safety;

(B) Environmental, economic, or community well-being;

(C) The government;

(D) A public official or public figure;

(E) A good, product, or service in the marketplace;

(F) A literary, musical, artistic, political, theatrical, or audiovisual work; or

(G) Any other matter deemed by a court to involve a matter of

public concern[.]

Tenn. Code Ann. § 20-17-103(6).

The TPPA and the Federal Rules of Civil Procedure address different questions of law. Rules 8, 12, and 56 address pleading standards and procedural mechanisms for pre-trial disposition of a case. However, federal courts sitting in diversity apply the state substantive law. *See Shady Grove*, 559 U.S. at 417. The TPPA is Tennessee substantive law, *see* Tenn. Code Ann. § 20-17-109, and establishes that speech concerning a "matter of public concern" is not actionable. *See* Tenn. Code Ann. §§ 20-17-103(6) and 104(a).

Under the TPPA, speech related to a "matter of public concern" is not actionable. The Federal Rules of Procedure address completely different issues. Therefore, under the "two-step framework" established by *Shady Grove*, the TPPA applies in this action for defamation.

### 2. The TPPA Grants Immunity From Suit, Not Just Liability.

In addition to establishing that speech concerning a "matter of public concern" is not actionable, the TPPA grants the speaker immunity from suit. Under the TPPA, "[i]f a legal action is filed in response to a party's exercise of the right of free speech . . . that party may petition the court to dismiss the legal action." Tenn. Code Ann. § 20-17-104(a). Tenn. Code Ann. § 20-17-104(a) is tantamount to the grant of immunity from suit.

The Sixth Circuit Court of Appeals' decision *Black v. Dixie Consumer Products, LLC*, 835 F.3d 579 (6th Cir. 2016), is instructive. The court in *Black* held that it had jurisdiction to review the denial of the defendants' motion for summary judgment under the collateral-order doctrine because Kentucky's workers' compensation law granted defendants' immunity from suit. *See id.* at 584-586. Citing examples of the collateral-order exception applied in cases involving private

defendants, the court in *Black* discussed with approval the Ninth Circuit's finding that California's anti-SLAPP statute functioned as a complete immunity from suit, not just a defense to liability.

> Other courts of appeals have applied the exception to private defendants as well. The Ninth Circuit, for example, exercised jurisdiction over an appeal by companies and individuals claiming intellectual property rights to Superman when the district court denied 'a motion to strike pursuant to California's anti-SLAPP statute'—a law that 'stop[s] [ ] lawsuits early in the litigation process' when they are 'brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013, 1015 (9th Cir. 2013) (quotation omitted). **'California's anti-SLAPP statute,' the court reasoned, 'functions as an immunity from suit, and not merely as a defense against liability.'** *Id.* Because 'an immunity from suit is 'imbued with a significant public interest' that is not always present with regard to a defense against liability,' the Ninth Circuit ruled that 'the denial of an immunity from suit—whether created by state or federal law—is an immediately appealable collateral order.' *Id.* (quotation omitted). Other courts of appeals have followed a similar path. *See, e.g.*, *Godin v. Schencks*, 629 F.3d 79, 84–85 (1st Cir. 2010) (allowing interlocutory appeal for denial of anti-SLAPP motion under Maine law); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 143 (2d Cir. 2013) (same under California's anti-SLAPP statute); *NCDR, L.L.C. v. Mause & Bagby, P.L.L.C.*, 745 F.3d 742, 752 (5th Cir. 2014) (same for Texas's anti-SLAPP statute); *see also McMahon v. Presidential Airways, Inc*., 502 F.3d 1331, 1339–40 (11th Cir. 2007) (permitting appeal by military contractor due to 'substantial claim to a true immunity from suit').

*Black*, 835 F.3d at 584 (emphasis added).

Like California's anti-SLAPP statute, the TPPA is a substantive Tennessee law that grants speakers complete immunity from suit when the communication relates to a "matter of public concern." *Cf.* Tennessee Anti-SLAPP Act of 1997, Tenn. Code Ann. §§ 4-21-1001, *et seq.*, which grants immunity from civil liability for certain communications with a governmental agency, recognizing that such communications is in "furtherance of such person's right of free speech or petition under the Tennessee or United States Constitution . . . ." *See* Tenn. Code Ann. § 4-21-

103(a). The Federal Rules of Procedure address completely different issues. Therefore, under the "two-step framework" established by *Shady Grove*, the TPPA applies in this action for defamation.

B. **The TPPA and Federal Rules of Civil Procedure are Compatible.**

The TPPA's three-step analysis is entirely compatible with Rules 8, 12, and 56 of the Federal Rules of Civil Procedure. The TPPA provides:

> (a) The petitioning party has the burden of making a prima facie case that a legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association.
>
> (b) If the petitioning party meets this burden, the court shall dismiss the legal action unless the responding party establishes a prima facie case for each essential element of the claim in the legal action.
>
> (c) Notwithstanding subsection (b), the court shall dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action.

Tenn. Code Ann. § 20-17-105(a)-(c).

The *Lampo* Court's decision was based on an understanding that the California anti-SLAPP statute was a procedural mechanism, and that the requirement that plaintiffs "'establish there is a probability that [he or she] will prevail on the claim,'" *Lampo*, at *3 (quoting Cal. Civ. Proc. Code § 425.16(b)(3)), conflicts with the Federal Rules of Civil Procedure. However, despite disputes over the applicability of California's anti-SLAPP statute in federal court, *see Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018), the Ninth Circuit reconciled California' anti-SLAPP statute with the Federal Rules of Civil Procedure. The *Planned Parenthood* Court held that when an anti-SLAPP motion challenged the legal sufficiency of a claim, the federal district court should apply Rule 12(b)(6) standards. When the motion challenged the factual sufficiency of the claim, the federal district court should apply

6

the Rule 56 standards. *Id.* at 834-35. *See also Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 836, 844 (E.D. Michigan 2019) (discussing *Planned Parenthood*).

The TPPA does not present the same conflict between the California anti-SLAPP statute and the Federal Rules of Civil Procedure as understood by the *Lampo* Court. The TPPA does not have the California anti-SLAPP statute's "probability that [he or she] will prevail" standard.[1] Instead, Tenn. Code Ann. § 20-17-105(a) allows a defendant to file a motion to dismiss based on a showing that the defendant exercised the right to free speech because the communications related to a "matter of public concern." The case should be dismissed unless the plaintiff establishes a prima facie case for each element of the claim. Tenn. Code Ann. § 20-17-105(b). The plaintiff can meet this burden through the pleading standards set out in Fed. R. Civ. P. 8. Even if the plaintiff meets his or her burden under Tenn. Code Ann. § 20-17-105(b), the case should be dismissed if the defendant establishes a valid defense to the claim. Tenn. Code Ann. § 20-17-105(c). As the court in *Planned Parenthood* held, the defendant's defenses can be analyzed under the standards for Rule 12(b)(6) and Rule 56 motions.

There is no conflict between the TPPA and the Federal Rules of Civil Procedure. Therefore, the TPPA applies in federal court. *Cf. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (holding the California anti-SLAPP statute applied in federal

---

[1]California law interpreting the Cal. Civ. Proc. Code § 425.16 suggests the "probability that plaintiff will prevail on the claim" standard does not establish a different burden of proof. *See Taus v. Loftus*, 151 P.3d 1185, 1205 (2007) ("As the foregoing decisions demonstrate, although by its terms section 425.16, subdivision (b)(1) calls upon a court to determine whether 'the plaintiff has established that there is a *probability* that the plaintiff will prevail on the claim" (italics added), past cases interpreting this provision establish that the Legislature did not intend that a court, in ruling on a motion to strike under this statute, would weigh conflicting evidence to determine whether it is more probable than not that plaintiff will prevail on the claim, but rather intended to establish a summary-judgment-like procedure available at an early stage of litigation that poses a potential chilling effect on speech-related activities. [] Accordingly, when a defendant makes the threshold showing that a cause of action that has been filed against him or her arises out of the defendant's speech-related conduct, the provision affords the defendant the opportunity, at the earliest stages of litigation, to have the claim stricken if the plaintiff is unable to demonstrate both that the claim is legally sufficient and that there is sufficient evidence to establish a prima facie case with respect to the claim") (internal citations omitted).

court because there was no direct collision between the state enactment and Federal Rules of Civil Procedure 8, 12, and 56, and because California had "articulated the important, substantive state interests furthered by the Anti-SLAPP statute").

C. **Conflicting Provisions of the TPPA are Severable.**

The provisions of the TPPA are severable.

> If any provision of this chapter or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of [the TPPA] that can be given effect without the invalid provision or application, and to that end the provisions of [the TPPA] are declared to be severable.

Tenn. Code Ann. § 20-17-110. Hence, to the extent the any provision of the TPPA conflicts with the Federal Rules of Civil Procedure, those provisions can be disregarded in favor of the Federal Rules of Civil Procedure without harm to the substantive protections provided by the TPPA.

D. **Conclusion.**

The TPPA provides substantive protection to individuals, like the Defendant, who are sued for exercising their free speech rights. Under the TPPA, communications related to a "matter of public concern" are not actionable and the speaker is absolutely immune from suit. Further, the TPPA and Federal Rules of Civil Procedure are compatible, and any conflicts can be resolved in favor of the Federal Rules of Civil Procedure without losing the substantive protections of the TPPA.

For these reasons, the Court should deny Plaintiffs' *Motion to Strike The Defendant's Petition to Dismiss Pursuant to the Tennessee Public Participation Act*.

Respectfully submitted,

*/s/ John P. Nefflen*
John P. Nefflen, TN BPR No. 20226
Rebekah L. Shulman, TN BPR No. 27357
Shackelford, Bowen, McKinley &
Norton LLP
1 Music Cir. S., Ste. 300
Nashville, TN 37203
Telephone: (615) 256-7200
Facsimile: (615) 329-4485
jnefflen@shackelford.law
rshulman@shackelford.law

*Attorneys for Defendant Charles Joshua Dale Martin*

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2021, the foregoing *DEFENDANT MARTIN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE* was filed electronically with this Court and served by operation of the Court's Case Management / Electronic Case Filing System on:

Eugene N. Bulso, Jr.
BULSO, PLC
155 Franklin Road, Ste. 400
Brentwood, TN 37027
gbulso@bulso.com

*/s/ John P. Nefflen*
John P. Nefflen