IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FRANK MUCERINO, III and
CREEKSIDE TERRACE LLC,

   Plaintiffs,

v.

CHARLES JOSHUA DALE MARTIN,

   Defendant.

Case No. 3:21-cv-00284
Judge Aleta A. Trauger

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE THE DEFENDANT'S PETITION TO DISMISS PURSUANT TO THE TENNESSEE PUBLIC PARTICIPATION ACT OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO DEPOSE DEFENDANT**

The plaintiffs, Frank Mucerino, III and Creekside Terrace, LLC, respectfully submit the following reply memorandum in further support of their Motion to Strike Defendant Charles Joshua Dale Martin's Petition to Dismiss Pursuant to the Tennessee Public Participation Act (Dkt. 13), or, In the Alternative, Request for Leave to Depose Defendant.

1.     "[A] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule; and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015). In a decision released approximately one month after this Court's decision in *Lampo Group,* the Fifth Circuit, in holding the Texas Anti-SLAPP statute inapplicable in federal court based on the same reasoning this Court used in *Lampo Group*, stated, "We find most persuasive the reasoning of the D.C. Circuit [in *Abbas*] that Rules 12 and 56, which govern dismissal and summary judgment motions, respectively, answer the same question as the anti-SLAPP statute: ***what are the circumstances under which a***

*court must dismiss a case before trial?" Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (emphasis added) (*citing Abbas*, 783 F.3d at 1333-34).

2. Although **Lampo Group** involved application of the California anti-SLAPP statute, this Court in **Lampo Group v. Paffrath**, 2019 WL 3305143, answered the operative question when it stated, "[T]he standard provided by Tennessee's new anti-SLAPP law is different than that dictated by Federal Rules of Civil Procedure 8, 12, and 56." *Id.* at *3 n.6.

3. This Court is very familiar with federal pleading standards. Succinctly stated, a complaint "must contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 677 (2009). This standard is different than a requirement that a plaintiff establish a prima facie case. Indeed, the Sixth Circuit has expressly rejected any requirement that a plaintiff is required to establish a prima facie case at the pleading stage, even in Title VII cases arising from a federal statute. ***Keys v. Humana***, 684 F.3d 605, 609 (6th Cir. 2012) ("The district court's requirement that Keys's complaint establish a prima facie case under *McDonnell Douglas* and its progeny is contrary to Supreme Court and Sixth Circuit precedent.") Much like the California anti-SLAPP statute that requires a plaintiff to establish a probability of success, a prima facie requirement is an improper heightened evidentiary standard at the pleading stage. *See **Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement.") As the Sixth Circuit explained in ***Keys***:

> The Supreme Court's decisions in *Twombly* and *Iqbal* did not alter its holding in *Swierkiewicz*. *Twombly* distinguished *Swierkiewicz*, explaining that the prior case "did not change the law of pleading," **but simply reemphasized that application of the McDonnell Douglas prima facie case at the pleading stage was "contrary to the Federal Rules' structure of liberal pleading requirements."**

*Keys*, 684 F.3d at 609 (emphasis added) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

4. As the Fifth Circuit stated in *Klocke*, "*Shady Grove* [559 U.S. 393 (2010)] and *Abbas* hold that a state rule conflicts with a federal procedural rule when it imposes additional procedural requirements not found in the federal rules." *Klocke*, 936 F.3d at 245. "The rules answer the same question when each specifies requirements for a case to proceed at the same stage of litigation." *Id.* (internal quote omitted). "Because the TCPA's [Texas Citizens Participation Act] burden-shifting framework imposes additional requirements beyond those found in Rule 12 and 56 and answers the same questions as those rules, the state law cannot apply in federal court." *Id.*

5. In declining to follow the reasoning of *Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010), the Fifth Circuit in *Klocke*, as this Court did in *Lampo Group*, relied on the reasoning of *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345 (11th Cir. 2018), "[T]he Federal Rules impose comprehensive, not minimum, pleading requirements . . . These rules 'contemplate that a claim will be assessed on the pleadings alone or under the summary judgment standard; there is no room for any other device for determining whether a valid claim supported by sufficient evidence [will] avoid pretrial dismissal.'" *Klocke*, 936 F.3d at 247 (quoting *Carbone*, 910 F.3d at 1351)).

6. As the Defendant notes in its Response (Dkt. No. 25, pp. 6-7), the Ninth Circuit's clarified its position on the applicability of anti-SLAPP laws in federal court in *Planned*

---

[1] The Tennessee anti-SLAPP statute also provides that it is not admissible later in the case "[i]f the court determines the responding party established a likelihood of prevailing on a claim." Tenn. Code Ann. § 20-17-105(f). This provision suggests that a likelihood of prevailing on the merits is at least implicitly the standard to be applied by courts in evaluating anti-SLAPP motions.

*Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).[2] In *Planned Parenthood*, the Ninth Circuit held that when an anti-SLAPP motion challenges only the legal sufficiency of a claim, the Federal Rule of Civil Procedure 12(b)(6) standard applies. When an anti-SLAPP motion challenges the factual sufficiency of a claim, Federal Rule of Civil Procedure 56 applies. *Id.* "Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* "That result would effectively allow the state anti-SLAPP rules to usurp the federal rules." *Id.*

7. Here, the Defendant's anti-SLAPP motion challenges the legal and factual sufficiency of the Plaintiff. On the legal challenge of the Petition, the Defendant filed a Rule 12(b)(6) motion to dismiss on July 12, 2021 that will appropriately be decided under the Federal Rules of Civil Procedure. Regarding the factual challenges, of the original 10-page "Petition to Dismiss Pursuant to the Tennessee Public Participation Act," five pages are devoted to facts. The original Petition further relies on the Declaration of the Defendant that attaches seven exhibits and further relies on a letter from the Town of Burns to the Plaintiff Mr. Mucerino.[3] The Defendants' Petition, without any reference to or showing of undisputed material facts, is effectively an improperly supported motion for summary judgment before any discovery has occurred that should be stricken.

---

[2] The concurring opinion, not cited here, was amended in *Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 897 F.3d 1224 (9th Cir. 2018).
[3] Tennessee's Anti-SLAPP law requires that Courts based their decisions on admissible evidence. Tenn. Code Ann. § 20-17-105(d). The exhibits attached to the Defendants' declaration and the referenced letter from the Town of Burns are inadmissible hearsay.

8. The Tennessee anti-SLAPP statute is found in Title 20 of the Tennessee code, which is entitled "Civil Procedure." The Tennessee anti-SLAPP statute provides the timing of when a petition may be filed,[4] when a response is purportedly due,[5] the standard to be used by courts in evaluating the petition and the response,[6] how the petition may be supported,[7] that discovery is purportedly stayed upon the filing of the petition,[8] that any order is immediately appealable,[9] and that the "Tennessee Rules of Appellate Procedure" apply to any appeals.[10] Indeed, eliminating any potential confusion over whether the Tennessee anti-SLAPP statute is procedural or substantive, the statute expressly provides that "[n]othing in this chapter . . . (5) affects the substantive law governing any asserted claim." Tenn. Code Ann. § 20-17-108(5).

## CONCLUSION

The Defendant's Petition to Dismiss Pursuant to the Public Participation Act should be stricken. In the alternative, this Court should permit Plaintiffs to take discovery in accordance with the Federal Rules of Civil Procedure before Plaintiffs are required to file a response on the merits.

---

[4] Tenn. Code Ann. § 20-17-104(b).
[5] Tenn. Code Ann. § 20-17-104(c).
[6] Tenn. Code Ann. § 20-17-105(b), (c).
[7] Tenn. Code Ann. § 20-17-105(d).
[8] Tenn. Code Ann. § 20-17-104(d). An automatic stay on discovery conflicts with Federal Rule of Civil Procedure 56. *See* **Planned Parenthood Fed'n of Am., Inc.**, 890 F.3d at 833. Further, to the extent necessary, the Defendant did not oppose Plaintiffs' request to take discovery before being required to respond on the merits to the "Petition to Dismiss."
[9] Tenn. Code Ann. § 20-17-106.
[10] *Id.*

Respectfully submitted,

s/*Eric W. Smith*
Eugene N. Bulso, Jr. (BPR No. 12005)
Eric W. Smith (BPR No. 21694)
BULSO PLC
155 Franklin Rd., Suite 400
Brentwood, TN 37027
(615) 913-5135
gbulso@bulso.com
esmith@bulso.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system on this the 19th day of July 2021, to the following persons:

John Paul Nefflen
Shackelford Bowen McKinley & Norton, LLP
1 Music Circle South, Ste. 300
Nashville, Tennessee 37203
jnefflen@shackelford.law
*Counsel for the Defendant*

s/*Eric W. Smith*
Eric W. Smith